527 P.2d 1250

**The STATE of Arizona, Appellee,**

v.

**Eugene CARR, Appellant.**

**No. 2 CA–CR 375.**

Court of Appeals of Arizona,
Division 2.

Nov. 14, 1974.

As Amended Nov. 19, 1974.

Review Granted Dec. 10, 1974.

Gary K. Nelson, Former Atty. Gen., N. Warner Leė, Atty. Gen. by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Frederick S. Klein, Asst. Public Defender, Tucson, for appellant.

OPINION

KRUCKER, Judge.

This matter is before the court on a motion for rehearing of our supplemental memorandum decision of September 19, 1974. Upon reconsideration, we reverse our prior decision and order that the plea of appellant be set aside. The trial court is directed to proceed to take a new plea pursuant to the directions subsequently set forth.

Appellant entered a guilty plea on December 13, 1973, pursuant to a plea bargain agreement. On appeal he challenged his plea on the grounds that the trial court failed to advise him that, by so pleading, he waived his constitutional privilege against self-incrimination. We remanded the case in accordance with State v. Hooper, 107 Ariz. 327, 487 P.2d 394 (1971), to determine whether appellant was aware of the rights he was waiving by pleading guilty. Upon remand, the trial court concluded that appellant had made a knowing, intelligent and voluntary waiver of his rights. This conclusion was based upon the fact that appellant had signed a plea bargain agreement which recited that he was properly advised of his rights; and, counsel for appellant testified that he had discussed with appellant the waiver of his rights against self-incrimination.

The reason for our reversal is predicated primarily upon examination of Rules 17.2 and 17.3, Rules of Criminal Procedure, 17 A.R.S.

Rule 17.2 provides:

"Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:

a. The nature of the charge to which the plea is offered;

b.  The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute;

c.  The constitutional rights which he foregoes by pleading guilty or no contest, including his right to counsel if he is not represented by counsel; and

d.  His right to plead not guilty."

Rule 17.3 provides:

"Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court and determine that he wishes to forego the constitutional rights of which he has been advised, that his plea is voluntary and not the result of force, threats or promises (other than a plea agreement) and that there is a factual basis for the plea."

The comment to Rule 17 indicates that the rule is intended to comply with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and State v. Linsner, 105 Ariz. 488, 467 P.2d 238 (1970). Rules 17.2 and 17.3 are modeled after Rule 11 of the Federal Rules of Criminal Procedure. In McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the United States Supreme Court felt that Rule 11 required the trial judge to address the appellant personally in order to determine if he understood the nature of the charge. The practice in some of the federal circuits of remanding the case for an evidentiary hearing on the issue of whether the plea was made voluntarily and knowingly was expressly rejected. In *McCarthy,* supra, it is stated:

"Rule 11 is designed to eliminate any need to resort to a later fact-finding proceeding 'in this · highly subjective area.' Heiden v. United States [9 Cir.],

supra, 353 F.2d [53], at 55. The Rule 'contemplates that disputes as to the understanding of the defendant and the voluntariness of his action are to be eliminated at the outset * * *.' *Ibid.* As the Court of Appeals for the Sixth Circuit explained in discussing what it termed the 'persuasive rationale' of Heiden: 'When the ascertainment is subsequently made, greater uncertainty is bound to exist since in the resolution of disputed contentions problems of credibility and of reliability of memory cannot be avoided * * *.' Waddy v. Heer, 383 F.2d 789, 794 (6 Cir. 1967). There is no adequate substitute for demonstrating *in the record at the time the plea is entered* the defendant's understanding of the nature of the charge against him." (Emphasis in original) 394 U.S. at 469, 89 S.Ct. at 1172.

Therefore, in the case *sub judice* the sentencing court initially failed to comply with Rule 17.2 which requires the trial judge to address the defendant personally in open court and advise him of what rights he is waiving. This problem can be avoided in the future by using Form XIX, Guilty Plea Checklist, at 745, 17 A.R.S. Additionally, because we have essentially adopted Federal Rule 11, it logically follows, based upon the rationale of *McCarthy,* that we should not have previously remanded the instant case for a hearing to determine if appellant was fully aware of what rights he was waiving. But, instead, we should have simply set aside the guilty plea and remanded for a new hearing at which appellant could plead anew.[1]

Reversed and remanded for further proceedings consistent herewith.

HATHAWAY, C. J., and HOWARD, J., concur.

---

1.  In State v. Hooper, 107 Ariz. 327, 487 P.2d 394 (1971), it was held that the *Boykin* requirements could be satisfied if, at the time of pleading guilty, the defendant had been properly advised of the consequences of his guilty plea by counsel, although not by the trial judge. *Hooper* is clearly distinguishable from the instant case in that Rule 17 did not become effective until September 1, 1973, and therefore the present rigid requirements were not in effect.