728 P.2d 689

**The STATE of Arizona, Appellee,**

v.

**Robert Griffith HOOVER, Appellant.**

**Nos. 2 CA–CR 4480, 2 CA–CR 4481–2.**

Court of Appeals of Arizona,
Division 2, Department A.

Oct. 21, 1986.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

Suzanne Laursen, Tucson, for appellant.

FERNANDEZ, Judge.

Appellant was charged by indictment with theft, a class 3 felony, and third-degree burglary, a class 5 felony, for offenses which allegedly occurred in August 1985. Subsequently, another indictment issued, charging him with third-degree burglary and forgery, class 4 felonies, for offenses committed in December 1985. The state alleged the August offenses as prior convictions to the December offenses, prior convictions pursuant to A.R.S. § 13–604(H), and a Louisiana prior conviction for simple burglary. In exchange for the state's dismissal of all other charges and allegations, appellant pled guilty to theft, a class 3 felony, and third-degree burglary, a class 4 felony, and admitted the Louisiana prior conviction. The plea agreement also provided that the sentences would run concurrently. Appellant failed to appear for sentencing and a bench warrant issued. He was apprehended and sentenced approximately one month later. The court im-

posed concurrent, aggravated prison terms of 10 years for the theft and eight years for the burglary, with credit for time served prior to sentencing of 29 days and 90 days, respectively. The court cited as aggravating circumstances appellant's prior criminal history and the fact that he had absconded from the jurisdiction prior to sentencing.

On appeal, appellant argues that (1) his prior Louisiana conviction was improperly used for enhancement of his punishment; (2) the court failed to advise appellant of the rights he gave up by admitting his prior conviction; (3) the court improperly aggravated appellant's sentence; and (4) aggravation of his sentence on the basis of conduct which occurred prior to sentencing and subsequent to the conviction was inappropriate. We disagree and affirm.

■ Appellant was convicted of simple burglary in Louisiana when he was 17 years old. Juvenile jurisdiction in Louisiana ceases when a person reaches 17. Appellant argues that because the jurisdiction of the juvenile court in Arizona continues until age 18, the Louisiana conviction may not be used to enhance his sentence under A.R.S. § 13–604(I). That subsection provides, in pertinent part, as follows:

> A person who has been convicted in any court outside the jurisdiction of this state of an offense which if committed within this state would be punishable as a felony or misdemeanor is subject to the provisions of this section.

In determining whether a prior conviction from a foreign jurisdiction may be used for enhancement purposes under the statute, the inquiry focuses on the elements of the foreign offense and the elements of the comparable Arizona offense. *State v. Phillips*, 139 Ariz. 327, 678 P.2d 512 (App. 1983). By comparing the elements of burglary as defined in Louisiana and Arizona, we conclude that appellant's prior conviction would amount to a felony under the laws of our state. In Louisiana, simple burglary is "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60" (§ 60 defines aggravated burglary). La.Rev.Stat.Ann. § 14:62 (West 1986). All the elements of simple burglary in Louisiana are present in our legislature's definitions of burglary as set forth in A.R.S. §§ 13–1506 and 13–1507, both of which are felonies.

Appellant argues that the defendant's age is an implied element of a felony in Arizona and therefore must be considered in determining enhancement under § 13–604(I). We do not agree. The rationale of the legislative enhancement provision has been stated as follows: "It is apparent that under the above statutes the jurisdiction in which the prior offense was committed is immaterial, since the elements of the prior offense are relevant in determining that defendant is a recidivist." *State v. Canada*, 107 Ariz. 66, 67, 481 P.2d 859, 860, cert. denied, 404 U.S. 848, 92 S.Ct. 154, 30 L.Ed.2d 87 (1971). The term "offense" as defined in our own criminal code means "conduct for which a sentence to a term of imprisonment or of a fine is provided by any law...." A.R.S. § 13–105(18). Age is irrelevant to a finding under A.R.S. § 13–604(I). We find that the prior conviction under Louisiana law was properly used to enhance punishment in this case.

■ Appellant argues that the trial court did not comply with Rule 17.6, Arizona Rules of Criminal Procedure, 17 A.R.S. That rule requires the court to advise a defendant of the rights he waives by admitting a prior conviction and to determine that the admission is knowingly, voluntarily and intelligently made. Our review of the transcript of proceedings reveals that appellant was not separately advised of his rights as they pertain specifically to admitting the prior conviction. However, in reviewing the plea agreement with appellant, the trial court explained the rights he gave up, including his right to a trial by jury. The court further explained the differing ranges of sentence which pertained to the offenses when enhanced by the prior conviction compared to the sentences without

a prior conviction. Appellant stated that he understood the plea agreement and the rights he was waiving, and, when asked specifically, he admitted the prior conviction. Considering all the circumstances of this case, we find that appellant was sufficiently advised under Rule 17.6. Furthermore, appellant acknowledged that he had reviewed the written plea agreement and discussed it with his attorneys. The admission of the prior conviction was set forth in the plea agreement. See *State v. Wesley*, 131 Ariz. 246, 640 P.2d 177 (1982); *State v. Levario*, 118 Ariz. 426, 577 P.2d 712 (1978).

■■■■ Appellant next argues that the trial court relied on improper information to impose aggravated sentences. There is nothing in the record to show that the judge relied on matters insufficient to support the aggravated terms. He specified as the aggravating factors appellant's prior criminal history and the fact that he left the jurisdiction between the entry of his plea and the time of sentencing. Appellant argues that two other Louisiana convictions were not a proper basis for aggravation because the record does not show the affirmative assistance of counsel on those prior convictions. The record does show that appellant waived his right to counsel and pled guilty to the offenses. We presume, absent evidence otherwise, the regularity of the Louisiana proceedings and a proper waiver of counsel.

The judge was entitled to aggravate appellant's sentence on the basis of his failure to appear. Actions such as appellant's absconding from the jurisdiction demonstrate a poor attitude and have been specifically held to provide appropriate bases for sentence aggravation. See *State v. LeMaster*, 137 Ariz. 159, 669 P.2d 592 (App.1983) (defendant's failure to appear for trial manifested a bad attitude).

We note that, although the transcript and minute entry of sentencing reflect credit for time served prior to sentencing as 29 days and 90 days, the commitment order reflects different periods of credit. That order is hereby modified to comport with the sentencing order.

In these consolidated cases, we have reviewed the records and find no fundamental error. The convictions and sentences imposed are affirmed as modified.

HATHAWAY, C.J., and HOWARD, P.J., concur.