796 P.2d 913

**STATE of Arizona, Appellee,**

v.

**Robin Rose BARNES, Appellant.**

**No. 1 CA–CR 89–323.**

Court of Appeals of Arizona, Division 1, Department C.

March 1, 1990.

On Grant of Motion to Reconsider May 8, 1990.

Review Granted Sept. 25, 1990.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., and Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

OPINION

GERBER, Judge.

Appellant Robin Rose Barnes (defendant) appeals from her conviction for possessing drug paraphernalia with one prior felony conviction in violation of A.R.S. §§ 13–3408, –3415 and –3401 and from the sentence imposed.

Counsel for defendant has filed a brief complying with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969), requesting this court to search the record for fundamental error pursuant to A.R.S. § 13–4035. Defendant was then granted additional time to file a supplemental brief raising any additional points. No supplemental brief has been filed. At this court's direction, the state

filed a brief regarding whether the trial court adequately informed defendant of her constitutional rights regarding her admission to a prior felony conviction.

By information filed January 6, 1989, defendant was charged with possessing drug paraphernalia, a class 6 felony in violation of A.R.S. §§ 13–3408, –3415 and –3401, and aggravated assault, a class 5 felony in violation of A.R.S. §§ 13–1204(A)(7) and –1204(B). On January 31, 1989, the state filed an allegation of prior felony convictions. On March 14, 1989, defendant entered into a written plea agreement and pled guilty to possessing drug paraphernalia, a class 6 felony with one prior felony conviction in violation of A.R.S. §§ 13–3408, –3415 and –3401. Additionally, defendant stipulated to a three-year term of imprisonment. In return for defendant's concessions, the state agreed to dismiss the aggravated assault charge and the allegation of additional prior felony convictions.[1]

The agreement clearly set forth the minimum, presumptive, and maximum sentences which could be imposed—1.5, 2.25, and 3 years of imprisonment respectively—and indicated that a maximum fine of $150,000 plus a 37% surcharge could be levied against defendant for each conviction.

Before accepting defendant's guilty plea, the trial court addressed defendant personally and determined that the guilty plea for possessing drug paraphernalia was knowing, voluntary, intelligent and supported with a factual basis. The trial court then accepted the plea. Defendant waived applicable time limitations and preparation of a pre-sentence report.

On March 15, 1989, the trial court pronounced judgment and sentenced defendant to a three-year term of imprisonment. Prior to imposing the sentence, the trial court listed defendant's prior criminal record as an aggravating factor.

■ While the trial court adequately informed defendant of her constitutional rights regarding her guilty plea for the possessing drug paraphernalia charge, Rule 17.6 of the Arizona Rules of Criminal Procedure also requires the court to advise a defendant of the rights she waives by admitting a prior conviction. *See State v. Hoover*, 151 Ariz. 470, 728 P.2d 689 (App. 1986); *State v. Fowler*, 137 Ariz. 381, 670 P.2d 1205 (App.1983).[2] Our review of the transcript reveals that the trial court did not comply with 17.6. Defendant was not separately advised of her rights pertaining to the prior conviction.[3] At a minimum, the trial court should have advised defendant that if she elected a jury trial at which she did not admit the prior conviction, she would be entitled to a further jury determination as to whether the state proved the existence of the prior conviction beyond a reasonable doubt.

We remand to the trial court for an evidentiary hearing within 30 days to determine whether defendant understood the effect a prior conviction would have upon her sentence. If defendant understood this, the court shall make findings of fact and certify them to this court together with a transcript of the evidentiary hearing. In such a case, the trial court's failure to

1. Defendant admitted to a prior conviction of possessing narcotic drugs. The state agreed to dismiss the allegation of prior convictions of burglary, possessing narcotic drugs and attempted promotion of prison contraband.

2. While the Comment to Rule 17.6 appears to indicate that Rule 17 only applies to a defendant who pleads not guilty to the charged offense, Divisions One and Two of this court have applied Rule 17.6 when defendant enters into a plea agreement. *See State v. Hoover, supra,* and *State v. Fowler, supra.* Here defendant's sentence would be enhanced by the admission of a prior conviction. If she elected to plead not guilty and did not admit the prior conviction, she would be entitled to a hearing before a jury to determine the existence of the prior conviction. For these additional reasons we reassert that Rule 17 protections apply to a defendant who pleads guilty and admits a prior conviction in a plea agreement.

3. Unlike *State v. Hoover, supra,* this trial court did not explain the differing ranges of sentence for the offense when enhanced by the prior conviction as compared to the sentence without the enhancement. Unlike *State v. Fowler, supra,* defendant was not advised that the constitutional rights she was waiving by entering her guilty plea also applied to both a trial on the current charge and a trial on the prior conviction.

comply with Rule 17.2(b) may be considered technical error and the sentence may stand. If the court finds that defendant was not aware of the effect of the admission, the admission and the sentence must be set aside and the trial court should proceed in accordance with Rule 17. *See, e.g., State v. Allen,* 125 Ariz. 158, 608 P.2d 95 (App. 1980); *State v. Nieto,* 118 Ariz. 603, 578 P.2d 1032 (App.1978).

We accordingly affirm the conviction and remand the case for further proceedings.

CONTRERAS, P.J., and McGREGOR, J., concur.

## SUPPLEMENTAL OPINION

GERBER, Judge.

In an earlier appeal to this court, Robin Rose Barnes challenged her conviction for possessing drug paraphernalia with one prior felony conviction and the sentence imposed. In an opinion filed March 1, 1990, we held that during a change of plea proceeding, defendant was not advised of her rights pertaining to the prior conviction and we remanded for a hearing in the trial court regarding the extent of defendant's understanding of the plea. Defendant has filed a motion to reconsider arguing that the more appropriate relief is vacating the plea. The state filed a written acknowledgment of receipt of the motion for reconsideration and advised the court that it did not intend to file a response. The state further advised this court that its failure to file a response should not be considered an admission that the motion should be granted.

We grant the motion. The appropriate remedy for failure to comply with Rule 17 of the Arizona Rules of Criminal Procedure is to vacate the plea agreement. *See State v. Carr,* 22 Ariz.App. 407, 527 P.2d 1250 (1974). Accordingly, we vacate the plea agreement and remand to the trial court for further proceedings.

CONTRERAS, P.J., and McGREGOR, J., concur.