791 P.2d 1083
**STATE of Arizona, Appellee,**

v.

**Robert Lewis BERNECKER, Appellant.**

**No. 1 CA–CR 89–083.**

Court of Appeals of Arizona,
Division 1, Department E.

May 8, 1990.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser, Chief Counsel, Criminal Div., Phoenix, for appellee.

Robert Lewis Bernecker, Phoenix, in pro. per.

## OPINION

VOSS, Judge.

Appellant Robert Lewis Bernecker (defendant) appeals from his conviction for possessing drug paraphernalia with a prior felony conviction and the sentence imposed.

Throughout these proceedings defendant represented himself, with the aid of appointed advisory counsel. Following his guilty plea, defendant was convicted of one count of possessing drug paraphernalia, a class 6 felony, with one prior felony conviction. Defendant was sentenced to a stipulated sentence of 2.25 years incarceration. Defendant filed a proper appeal but has not responded to the court's order directing him to file an opening brief. As such, we reviewed the record for fundamental error pursuant to *State v. Tapp*, 133 Ariz. 549, 653 P.2d 6 (1982).

We find no fundamental error. However, the recent opinion of another panel of this division in *State v. Barnes*, 165 Ariz. 111, 796 P.2d 913 (App.1990), and that opinion's reliance on two earlier opinions of this court in *State v. Hoover*, 151 Ariz. 470, 728 P.2d 689 (App.1986), and *State v. Fowler*,

137 Ariz. 381, 670 P.2d 1205 (App.1983), compels us to comment on whether a defendant is denied fundamental rights when the trial court accepts an admission of prior conviction without: 1) separately advising the defendant of his right to a second jury trial on the prior felony conviction allegation; and, 2) describing the range of sentence without the enhancement.

In *Barnes*, as here, the defendant pled guilty to the underlying charge and the allegation of prior felony conviction. Prior to accepting the plea, the trial court informed the defendant of the rights she would waive by pleading guilty and the enhanced range of sentence. The trial court did not separately inform the defendant of her right to a second jury trial regarding the prior felony conviction, nor did the trial court describe the unenhanced range of sentence.

Relying on *Hoover* and *Fowler*, the *Barnes* court first held that Rule 17.6, Arizona Rules of Criminal Procedure required the trial court to advise the defendant of the rights she waived by admitting the prior felony conviction, where both the underlying offense and allegation of prior felony conviction were admitted in the same proceeding. *Barnes*, 165 Ariz. at 111, 796 P.2d at 913. We disagree that Rule 17.6 forms the basis for any such duty.

The comment to Rule 17.6 clearly states that the drafter's intention was to exclude this section from cases in which the defendant was pleading to both the underlying offense and the prior felony conviction. Instead this section "governs the situation in which the defendant is pleading *only* to the prior offense...." Rule 17.6, comment (emphasis added). We realize section headings, notes, and comments do not constitute substantive portions of the Rules of Criminal Procedure. *See* A.R.S. § 1–212 (analogous interpretive rule regarding statutes). However, we believe that where the comment so directly demonstrates the intent of the rule, we cannot disregard that clear intent and reach a contrary result.

While we do not believe Rule 17.6 separately imposes a duty on the trial court to

inform the defendant of his rights when he pleads to both the underlying charge and the prior felony conviction, we do believe the trial court has a duty in this context. The United States Constitution mandates the giving of certain warnings and information in order to insure the protection of a defendant's fundamental rights when pleading guilty or no contest. *See generally Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). These constitutional requirements are provided for generally in Rule 17, and therefore specific reference to Rule 17.6 is unnecessary.

After deciding that Rule 17.6 applied, the *Barnes* court found that the defendant was not separately advised of her rights pertaining to the prior felony conviction. *Barnes*, 165 Ariz. at 111, 796 P.2d at 913. The court specifically held that:

> At a minimum, the trial court should have advised defendant that if she elected a jury trial at which she did not admit the prior conviction, she would be entitled to a further jury determination as to whether the state proved the existence of the prior conviction beyond a reasonable doubt.

*Id.*

The court then remanded the case to "determine whether defendant understood the effect a prior conviction would have upon her sentence." *Id.* Though not expressed, we understand this order, as well as the court's analysis of *Hoover*, to require the trial court to describe both the enhanced and unenhanced ranges of sentence.

We can not agree that *Hoover* and *Fowler* require the holdings reached in *Barnes*, or require us to reach a similar result. In *Hoover*, the court of appeals found no error where the trial court did not separately advise the defendant of his rights regarding the prior felony conviction, but did explain the differing ranges of sentence. *Hoover*, 151 Ariz. at 471–72, 728 P.2d at 690–91. In *Fowler*, the court of appeals found no error where the trial court separately advised the defendant of his right to

a jury trial, but did not explain the differing ranges of sentence. *Fowler*, 137 Ariz. at 385, 670 P.2d at 1209. *Fowler* specifically held that it was unnecessary to advise the defendant of differing sentence ranges. *Id.*

We can not ascertain how these factually conflicting cases require finding that the trial court must separately advise a defendant of his right to a second jury trial with regard to the prior felony conviction. If this is a rule of law derived from *Fowler*, then *Hoover* is patently incorrect as it finds that the failure to separately advise the defendant concerning his rights does not require reversal. *Hoover*, 151 Ariz. at 471–72, 728 P.2d at 690–91.

Likewise, we do not believe these cases require the trial court to describe both the enhanced and unenhanced ranges of sentence. If this is a rule of law fashioned from *Hoover*, then *Fowler* is incorrect as it states that explanation of the differing sentence ranges is unnecessary. *Fowler*, 137 Ariz. at 385, 670 P.2d at 1209.

We believe that, properly synthesized, these cases simply reiterate that the trial court must provide information sufficient to insure that the defendant's plea is voluntarily, knowingly and intelligently made. *See State v. Linsner*, 105 Ariz. 488, 491, 467 P.2d 238, 241 (1970). This is not a new standard; rather this is the standard required by the Constitution and provided for in Rule 17. *Boykin*, 395 U.S. 238, 89 S.Ct. 1709; *State v. Rogel*, 116 Ariz. 114, 116, 568 P.2d 421, 423 (1977).

We do not believe that this standard requires us to command the trial court in every case to separately advise a defendant that he has the right to a second jury trial on the prior felony conviction. Such a rule of law not only exceeds what is required under the Constitution and Rule 17, but is hopelessly redundant.

In the cases cited, as well as the present case, the defendants were clearly informed, both in their written plea agreements and by the trial court, that they had certain constitutional rights that would be waived if they pled guilty to the charges. If a defendant is told he has a right to a jury

trial on all of the charges, and both the written plea agreement and trial court note that the charges include an allegation concerning a prior felony conviction, how can it be argued that the defendant has been denied information needed to properly exercise his rights?

A defendant would assume, quite correctly, that he has a right to a jury trial regarding the prior felony conviction as this allegation constitutes one of the charges presented against him. The fact that this trial would follow the trial on the underlying offense does not impact on the defendant's knowledge of his right to a jury determination nor his waiver of that right.

Similarly, we do not believe the trial court is required to describe both the enhanced and unenhanced ranges of sentence. Clearly the enhanced range must be described as that range encompasses the possible sentence under the plea as presented. However, to advise the defendant of the sentence range without the enhancement would merely confuse the proceedings as the plea is solely for the underlying charge and the prior conviction. *Fowler*, 137 Ariz. at 385, 670 P.2d 1209.

In the present case, we find that the trial court described the rights waived by pleading guilty, as those rights related to the charges against the defendant. We further find that the allegation of prior felony conviction was described both by the trial court and in the written plea agreement. Finally, we find that the trial court described the possible range of sentence as enhanced by the prior felony conviction. We hold that the trial court provided the information required before it could accept defendant's guilty plea. We affirm the judgment and sentence of the trial court.

EUBANK, P.J., and SHELLEY, J., concur.