805 P.2d 1007

**STATE of Arizona, Appellee,**

v.

**Robin Rose BARNES, Appellant.**

**No. CR–90–0133–PR.**

Supreme Court of Arizona,
En Banc.

Jan. 10, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

## OPINION

CORCORAN, Justice.

The State petitions for review of the court of appeals' opinion vacating the plea agreement and defendant's guilty plea, and remanding the matter to the trial court for further proceedings. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24. We grant review pursuant to rule 31.19(a), Arizona Rules of Criminal Procedure, to determine two issues:

(1) When the trial court, pursuant to accepting defendant's guilty plea to an offense with a prior felony conviction, advised defendant of her right to a jury trial, was the court also required to advise her of her right to a separate jury determination regarding the existence of the alleged prior conviction?

(2) When the trial court accepted defendant's guilty plea, was it required to explain to her the difference in her sentence when enhanced by the prior conviction as compared to the sentence without the enhancement?

We answer both questions in the negative. Because we believe that the trial court adequately advised Barnes of the rights she waived by entering into the plea agreement, by pleading guilty, and by admitting the prior conviction, we vacate the court of appeals' primary and supplemental opinions and affirm the judgment and sentence.

*Facts*

In January 1989, Robin Rose Barnes was charged with possession of drug paraphernalia and aggravated assault. The State also alleged 4 prior felony convictions. Although Barnes initially pleaded not guilty to the possession and assault charges, she subsequently entered into a plea agreement with the State through which she pleaded guilty to the possession charge, a class 6 felony, with one prior felony conviction in exchange for dismissal of the aggravated assault charge and the allegations of the 3 other prior felony convictions. The parties stipulated that Barnes would receive an aggravated term of 3 years' imprisonment.

At her change of plea hearing, the trial judge advised Barnes that for possession of drug paraphernalia *with* one prior felony conviction she could be sentenced to a presumptive term of 2.25 years, a maximum term of 3 years, and a minimum term of 1.5 years, and in addition that she could be fined up to $150,000 plus a 37% surcharge. The judge further advised her that probation was not available and that she would be ineligible for parole or release on any other basis until she had served one-half of any sentence imposed. This advice had been set forth in the plea agreement. The judge did not specifically explain to Barnes how the prior conviction affected the length of her sentence, nor did he inform her of possible sentences she might receive if she chose to revoke the plea agreement. *See* rule 17.4(b), Arizona Rules of Criminal Procedure. He ascertained, however, that Barnes understood she could be convicted on *both* the possession *and* assault charges *with 4* prior felony convictions if she elected to revoke the plea agreement and proceed to trial.

In response to the trial judge's inquiry, Barnes indicated that she understood the provisions of her plea agreement and that, by entering into the agreement, she was waiving her right to a jury trial. The judge, however, did not advise her that this right to a jury trial included the right to have the jury separately determine (1) her guilt or innocence on the felony possession

charge and (2) the existence of the prior felony conviction alleged by the State. *See* rule 19.1(b).

Barnes pleaded guilty to the possession charge and admitted the prior conviction. The trial judge determined that she acted knowingly, intelligently, and voluntarily in pleading guilty and admitting the prior, and he concluded that a factual basis supported the plea and the admission.

The trial judge sentenced Barnes to the stipulated aggravated term of 3 years' imprisonment, to be served consecutively to a sentence she was serving for another conviction. He noted that the aggravated sentence was appropriate in view of Barnes' prior convictions.

### Court of Appeals' Opinion

On appeal, Barnes' counsel filed an *Anders* brief requesting the court of appeals to search the record for fundamental error pursuant to A.R.S. § 13–4035. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Upon reviewing the record, the court concluded that, although the trial court had adequately advised Barnes of her rights regarding the guilty plea for the possession charge, it had failed to inform her of the rights she waived by admitting the prior conviction. *State v. Barnes*, 165 Ariz. 111, 112, 796 P.2d 913, 914 (App.1990). The court noted:

> Our review of the transcript reveals that the trial court did not comply with [rule] 17.6. Defendant was not separately advised of her rights pertaining to the prior conviction. At a minimum, the trial court should have advised defendant that if she elected a jury trial at which she did not admit the prior conviction, she would be entitled to a further jury determination as to whether the state proved the existence of the prior conviction beyond a reasonable doubt.

165 Ariz. at 112, 796 P.2d at 914 (footnote omitted).

Initially, the court affirmed the conviction, but remanded the case to the trial court for a hearing "to determine whether [Barnes] understood the effect a prior conviction would have upon her sentence." *Id.* The court reasoned that, if the hearing revealed that Barnes was fully aware of her rights, failure to comply with rule 17.6 would be merely a "technical error." 165 Ariz. at 112–13, 796 P.2d at 914–15. In contrast, if the trial court determined that Barnes was unaware of the effect of admitting the prior conviction, the admission and sentence should be set aside, and the trial court should proceed in accordance with rule 17. 165 Ariz. at 113, 796 P.2d at 915.

Barnes filed a motion for reconsideration, arguing that the appropriate remedy for a rule 17 violation is to vacate the plea. Agreeing with Barnes, the court vacated the plea and remanded the matter to the trial court. *See State v. Barnes*, 165 Ariz. at 113, 796 P.2d at 915 (App.1990) (supplemental opinion), citing *State v. Carr*, 22 Ariz.App. 407, 527 P.2d 1250 (1974).

### Discussion

We read the court of appeals' opinion to require that the trial court advise Barnes of both (1) the right to a jury determination on the prior conviction, and (2) the varying ranges in sentence with and without the prior conviction enhancement. We conclude, however, that rule 17 does not require the trial court separately to advise a defendant of this information when, pursuant to a plea agreement, the defendant pleads guilty to an offense with a prior conviction. We therefore vacate the court of appeals' opinion.

### 1. Admission of Prior Conviction

#### a. Rule 17.6

■ Initially, we address the court of appeals' conclusion that rule 17.6 governed the trial court's actions in accepting Barnes' admission of the prior conviction. We feel compelled to address this issue because the court's reliance on rule 17.6 directly conflicts with the analysis of another opinion from the same division of the court of appeals. *See State v. Bernecker*, 164 Ariz. 200, 791 P.2d 1083 (App.1990) (concluding that rule 17.6 does not apply when a defendant pleads guilty to the un-

derlying charge and admits the prior conviction). Rule 17.6 provides:

> Whenever a prior conviction is charged, an admission thereto by the defendant shall be accepted only under the procedures of [rule 17], unless admitted by the defendant while testifying on the stand.

The comment to rule 17.6 states that the provision applies to situations in which the defendant is pleading *only to the prior offense* —before or after a trial on the current charge.[1] Thus, the comment indicates that the rule does not apply when, as in this case, the defendant admits a prior conviction after pleading guilty to the current charge. This does not mean, however, that the trial court may accept defendant's admission to the prior conviction without informing her of the rights she is waiving. Rather, rule 17.6 is inapplicable simply because a defendant who admits a prior conviction when pleading guilty to a subsequent charge already is afforded the protection of rule 17 in connection with the guilty plea. In such a case, therefore, reference to rule 17.6 is unnecessary. *See Bernecker,* 164 Ariz. at 202, 791 P.2d at 1085.

We are aware that this court has applied—without examining—rule 17.6 in cases in which the defendant has admitted a prior conviction when pleading guilty to the subsequent charge. *See, e.g., State v. Anderson,* 160 Ariz. 412, 773 P.2d 971 (1989); *State v. Johnson,* 142 Ariz. 223, 689 P.2d 166 (1984). Our ruling today does not alter the substantive protections addressed in those decisions. Although we hold that rule 17.6 does not apply when a defendant admits a prior conviction in connection with a guilty plea, the defendant, because she is pleading guilty, is nevertheless afforded the protections of rule 17—and that is all rule 17.6 requires. Thus, the distinction is one of form rather than substance. We feel compelled to make this distinction, however, to resolve the conflicting court of appeals' decisions.

### b. Rule 17

■ We now address whether the trial court satisfied the requirements of rule 17 when it accepted Barnes' guilty plea and her admission to the prior conviction. Before a defendant enters a guilty plea, the trial court must determine whether the plea is made voluntarily and intelligently. *See State v. Leinweber,* 121 Ariz. 435, 437 n. 2, 590 P.2d 1381, 1383 n. 2 (1979). Specifically, the defendant must understand: (1) the nature of the crime to which the plea is offered and the nature and range of possible sentence for that offense; (2) the constitutional rights she foregoes by pleading guilty; and (3) her right to plead not guilty. Rule 17.2; *see also State v. Bernal,* 137 Ariz. 421, 423, 671 P.2d 399, 401 (1983).

■ In this case, the trial judge informed Barnes that the plea agreement called for a plea of guilty to possession of drug paraphernalia and an admission of a prior felony conviction. He further informed her of the sentence range for that crime as enhanced by the prior conviction, in addition to special considerations concerning probation, parole, and early release. The court determined that Barnes understood the constitutional rights she was waiving by pleading guilty and admitting the prior conviction, and he explained to her that she could choose not to plead guilty and go to trial on the original charges. The record indicates, therefore, that the trial court's actions satisfied the dictates of rule 17 and the United States Constitution. *See Bernal,* 137 Ariz. at 423, 671 P.2d at 401 (rule 17 complies with the

---

1. The comment also states that the rule applies only to prior offenses that are an element of the crime, rather than to prior offenses used for sentence enhancement purposes. This portion of the comment, however, is no longer valid. Prior to 1975, rule 17.6 read:

> Whenever a prior conviction is *an element of the crime* charged, an admission thereto by the defendant shall be accepted only under

the procedures of [rule 17], unless admitted by the defendant while testifying on the stand. (Emphasis added.) In 1975, the rule was expanded to include cases in which the prior conviction is used solely for sentence enhancement. *See State v. Canaday,* 119 Ariz. 335, 336, 580 P.2d 1189, 1190 (1978). The comment to rule 17.6, however, was not amended to reflect this change.

United States Supreme Court's holding in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which established guidelines for protecting the fundamental rights of defendants who plead guilty).

### 2. *Right to a Separate Jury Trial on the Prior Conviction Allegation*

▪ We do not agree with the court of appeals that the trial court was required to advise Barnes of her right to a separate jury trial for the prior conviction. *See* rule 19.1(b) (proceedings when defendant is charged with prior convictions). As another department of the court of appeals correctly noted, "Such a rule of law not only exceeds what is required under the Constitution and Rule 17, but is hopelessly redundant." *See Bernecker,* 164 Ariz. at 202, 791 P.2d at 1085.

The trial court was not required to inform Barnes of the mechanics of going to jury trial first on the felony count, to be followed by a trial to the jury concerning the prior felony conviction. *See* rule 19.1(b). It was sufficient to advise her that she had a right to a trial by jury and that the State would have to prove guilt beyond a reasonable doubt. The trial court did this when Barnes pleaded guilty to the possession charge, and this litany did not have to be repeated when she admitted the prior conviction. If the defendant or her lawyer did not understand or were confused, they did not address their concern to the trial court.

Our concern is whether Barnes was aware of the rights she was waiving by admitting the prior conviction. *See, e.g., State v. Alvarado,* 121 Ariz. 485, 489–90, 591 P.2d 973, 977–78 (1979) (failure to advise a defendant of specific constitutional rights he waives by admitting a prior conviction is not reversible error when the record demonstrates that the defendant is already aware of those rights). The record indicates that Barnes was fully informed by both the trial court and her plea agreement that she was waiving her right to a jury trial by pleading guilty and admitting

the prior. As the court in *Bernecker* noted:

> If a defendant is told he has a right to a jury trial on all of the charges, and both the written plea agreement and trial court note that the charges include an allegation concerning a prior felony conviction, how can it be argued that the defendant has been denied information needed to properly exercise his rights?

164 Ariz. at 202–03, 791 P.2d at 1085–86; *accord State v. Hoover,* 151 Ariz. 470, 471–72, 728 P.2d 689, 690–91 (App.1986) (court not required to advise defendant of right to a separate jury trial on prior conviction allegation).

### 3. *Sentence Enhancement*

▪ Similarly, we disagree with the court of appeals' conclusion that the trial court erred in not informing Barnes of the difference in her sentence when enhanced by the prior conviction as compared to the sentence without the enhancement. Rule 17 requires that the trial court advise the defendant of the "nature and range of possible sentence *for the offense to which the plea is offered.*" Rule 17.2(b) (emphasis added). Barnes pleaded guilty to possession of drug paraphernalia, a class 6 felony, with one prior felony conviction, and the trial court advised her that she could receive a presumptive prison term of 2.25 years, a maximum term of 3 years, or a minimum term of 1.5 years. If Barnes had been sentenced only for the possession felony *without* the prior felony conviction, she could have been sentenced to a presumptive term of 1.5 years, a maximum term of 1.87 years, and a minimum term of 0.75 years. Of course, the trial judge did not so advise Barnes because this was not what the plea agreement called for. Rather, the court advised her of the sentence range for the offense to which she pleaded guilty with one prior conviction.

Under the reasoning of the court of appeals, the trial court was required to advise Barnes of possible sentence ranges for a plea agreement that had not been offered to her by the State. Not only would such a rule exceed the requirements of rule 17, it would place an unreasonable burden on the

trial court and ultimately would serve to confuse plea proceedings. *See Bernecker,* 164 Ariz. at 203, 791 P.2d at 1086, citing *State v. Fowler,* 137 Ariz. 381, 670 P.2d 1205 (App.1983).

 The State did not make a "mix and match" offer through which Barnes had the option to plead guilty to the possession felony and have a jury trial for the prior conviction, or to have a jury trial on the possession charge and admit the prior. Barnes bargained for a certain conviction with one prior conviction that enhanced the permissible sentence to a certain range. She was advised of that range and was sentenced to the stipulated term within that range. That is all that rule 17, the Constitution, or *Boykin* require.

### Conclusion

We find no error.[2] We therefore vacate the court of appeals' primary and supplemental opinions and affirm the judgment and sentence.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.

**2.** Without regard to the outcome in this case, however, we note that the bar and bench should periodically review the plea agreement form to ensure conformity with the requirements of rule 17. *See* Form 18 (Plea Agreement), Arizona Rules of Criminal Procedure; *see also* Form 19 (Guilty Plea Checklist).