820 P.2d 329

**The STATE of Arizona, Appellee,**

v.

**Victor Ronnie HUFFMAN, Appellant.**

**No. 2 CA–CR 90–0630.**

Court of Appeals of Arizona,
Division 2, Department A.

June 4, 1991.

Redesignated as Opinion July 24, 1991.

Reconsideration Denied July 3, 1991.

Review Denied Nov. 19, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Eric A. Bryant, Phoenix, for appellee.

James H. Dawdy, Jr., Casa Grande, for appellant.

## OPINION

**HATHAWAY, Judge.**

Appellant was indicted on one count of possession of a narcotic drug for sale. After a jury trial, he was found guilty and he then admitted that he was released on bail when he committed the offense.

Appellant was a passenger in an automobile when he was seen by police officers who recognized him and knew that there was a warrant for his arrest for failure to pay a traffic fine. Appellant was arrested, and the police asked the driver of the car if they could search it. The driver consented. On the front passenger seat, the officers found a key to room 16 of the Willow Motel in Globe and asked the driver if it were hers. The driver stated that the key did not belong to her and she had not seen it before. She had cleaned her car a few hours earlier and was certain she had not seen the key. The officers then asked appellant if the key were his and he replied that it was not.

The officers went to the motel and spoke with the owner/manager. The manager said that "Victor Huffman" had rented the room, but the registration card showed the name of Vince Lopez. The manager gave the officers consent to enter the room. Inside the room, the officers found a large quantity of cocaine and some drug paraphernalia. They also found a calendar book which contained the name "Victor" and appellant's social security number. Appellant stipulated that notations in the book which indicated the selling of "eight balls" (an eighth of an ounce of cocaine) were in his handwriting.

Appellant raises four issues on appeal: (1) the trial court erred in denying his motion to suppress the evidence from the motel room; (2) his counsel was ineffective in failing to move for a judgment of acquittal; (3) the trial court erred in admitting evidence of other drug sales by appellant; and, (4) he was not properly advised of his rights regarding his admission to having committed the offense while on release on other charges. We affirm.

## SEARCH OF MOTEL ROOM

Appellant denied any interest in the key to the motel room, thereby relinquishing any expectation of privacy. "The test for abandonment in the search and

seizure context is distinct from the property law notion of abandonment: it is possible for a person to retain a property interest in an item, but nonetheless to relinquish his or her reasonable expectation of privacy in the object." *U.S. v. Thomas*, 864 F.2d 843, 845 (D.C.Cir.1989). Upon abandonment, a person loses any legitimate expectation of privacy in the property and thereby disclaims any concern about whether the property or its contents remain private. *U.S. v. Veatch*, 674 F.2d 1217, 1220 (9th Cir.1981). A denial of ownership, when questioned, constitutes abandonment. *Id.* at 1221.

■ The state "may, with legal consistency and legitimacy, assert that a defendant charged with possession of a seized item did not have a privacy interest violated in the course of the search and seizure." *U.S. v. Salvucci*, 448 U.S. 83, 88–89, 100 S.Ct. 2547, 2551, 65 L.Ed.2d 619, 626 (1980). A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by the search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Only those whose privacy rights have been violated can invoke the exclusionary rule. *Id.* at 140, 99 S.Ct. at 429, 58 L.Ed.2d at 399. The trial court's denial of the motion to suppress was correct.

## INEFFECTIVE ASSISTANCE

■ Appellant next argues that his counsel was ineffective because he did not move for a judgment of acquittal pursuant to Ariz.R.Crim.P. 20, 17 A.R.S. Normally, before an appellate court will consider a claim of ineffective counsel, a hearing must be held to develop a record of counsel's actions. *State v. Valdez*, 160 Ariz. 9, 770 P.2d 313 (1989). However, where the appellate court can clearly determine from the record before it that the claim is meritless, it will rule on the issue on direct appeal. *State v. Carver*, 160 Ariz. 167, 771 P.2d 1382 (1989).

■ To establish ineffective assistance of counsel, a defendant must prove that (1) counsel lacked minimal competence as determined by prevailing professional standards, and (2) that counsel's deficient performance prejudiced the defense. *State v. Nash*, 143 Ariz. 392, 694 P.2d 222, cert. denied 471 U.S. 1143, 105 S.Ct. 2689, 86 L.Ed.2d 706 (1985). Neither of these prongs has been met by appellant.

■ Appellant argues that his name was not on the motel register, that the manager made no in-court identification of him, and that the evidence against him was circumstantial. He claims that judgment of acquittal would have been granted if requested. We disagree. The motel manager identified appellant in court as the person to whom he rented the room. Appellant's social security number was on the calendar book found in the room, and he admitted that the notations therein were in his handwriting. The record indicates that a Rule 20 motion would not have been granted. Appellant has not shown any prejudice. We find no ineffective assistance of counsel.

## PRIOR DRUG TRANSACTIONS

Appellant argues that the trial court erred in denying his motions in limine to preclude testimony concerning prior sales of drugs by him. He asserts that there is no showing that the trial court complied with the requirements set forth in *Huddleston v. U.S.*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). There, the Supreme Court set forth the steps a trial court must take in evaluating evidence offered under Ariz.R.Evid. 404(b), 17A A.R.S.

■ Appellant has not provided us with a transcript of the proceedings in limine. We must, therefore, presume that the record supports the decision of the trial court. *State v. Spinks*, 156 Ariz. 355, 752 P.2d 8 (App.1987). The trial court is afforded wide discretion in deciding the admissibility of prior bad acts. *State v. Romero*, 130 Ariz. 142, 634 P.2d 954 (1981). In the absence of a record to the contrary, we presume the trial court did not abuse its discretion.

## RELEASE STATUS

Appellant finally argues that the trial court failed to inform him of his rights

with respect to admitting that the crime he was convicted of was committed while he was on release status in another criminal matter, citing *State v. Barnes,* 165 Ariz. 111, 796 P.2d 913 (App.1990). However, that decision has been vacated. *State v. Barnes,* 167 Ariz. 186, 805 P.2d 1007 (1991). In any event, the record shows that the trial court fully informed appellant of his right to have a jury decide whether he was on release. He was aware of that right and freely relinquished it. We find no error.

We have searched the record for fundamental error and have found none. Appellant's conviction and sentence are affirmed.

LIVERMORE and LACAGNINA, JJ., concur.