841 P.2d 212

**STATE of Arizona, Appellee,**

v.

**Robby Ladon LANE, Appellant.**

**No. 1 CA–CR 90–0830.**

Court of Appeals of Arizona, Division 1, Department A.

June 30, 1992.

Review Denied Dec. 15, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., Janet Keating, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Carol A. Carrigan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GRANT, Presiding Judge.

In this appeal we must decide whether the "home arrest" status of the defendant supported an escape conviction when he failed to return home after an authorized work search and whether his release status supported an enhanced sentence. We hold that it does.

### FACTS AND PROCEDURAL HISTORY

Appellant Robby Ladon Lane ("defendant") was indicted on one count of possession of narcotic drugs, a class 4 felony, and one count of escape in the second degree, a class 5 felony. The state filed allegations that defendant had three prior felony convictions and was on parole at the time of these offenses.

On April 24, 1990, defendant entered a plea of guilty to escape with two prior felony convictions and as further enhanced by his release status under Ariz.Rev.Stat. Ann. ("A.R.S.") section 13–604.02(B). The plea agreement stipulated to dismissal of the possession of narcotic drugs charge and to a maximum sentence of six years in the Department of Corrections on the es-

cape charge. The plea agreement specified that the sentence was to be served without possibility of early release ("flat" time). In supplying the factual basis for the guilty plea, defendant admitted that he had been placed on "home arrest" status by the Department of Corrections pursuant to A.R.S. section 31–236(B) and therefore was required to remain at his residence. He left his residence on an authorized job search, but failed to return. Defendant admitted that he had no permission or legal justification for failing to return. He also admitted that he had two prior felony convictions.

Pursuant to the plea agreement, the trial court sentenced defendant to the maximum term of six years, to be served consecutively to the sentence he was serving at the time of his escape.

### ISSUES

Defendant filed a timely notice of appeal, raising three issues:

1. Whether the trial court improperly used his escape status to enhance his conviction under A.R.S. section 13–604.-02(B);

2. Whether the trial court's erroneous warning that he faced "flat" time under the plea agreement rendered his plea involuntary; and

3. Whether the trial court erred in failing to advise him of his right to a jury trial on the allegation of prior felony convictions.

1. Included within the home arrest statute is the provision that "A prisoner placed on home arrest is on inmate status, is subject to all the limitations of rights and movement and is entitled only to due process rights of return." A.R.S. § 31–236(D). Moreover, the statute provides that home arrest is conditioned in part on the prisoner "Remaining at his place of residence at all times except for movement out of the residence according to mandated conditions." A.R.S. § 31–236(C)(5). The statute also provides that "The board of pardons and paroles shall determine when the supervisee is eligible for transfer to the regular parole program pursuant to § 31–411." A.R.S. § 31–236(H). On the other hand, the statute commits to the board of pardons and paroles the determination of eligibility for home arrest, A.R.S. § 31–236(B),

### ANALYSIS

Defendant argues that his sentence was improperly enhanced pursuant to A.R.S. section 13–604.02(B). The statute mandates a "flat" sentence for an offense "committed while the person is on probation for a conviction of a felony offense or parole, work furlough or any other release or escape from confinement for conviction of a felony offense." Defendant maintains that his sentence was enhanced because of his "escape from confinement." Relying on *State v. Powers*, 154 Ariz. 291, 742 P.2d 792 (1987), he contends that, while his escape status may be used to enhance sentencing for other felony offenses, it may not enhance the sentence for the escape itself.

The state contends that defendant's enhanced sentence was not premised on his status as an escapee, but rather upon the fact that he was on parole at the time of the offense. The state's allegation under A.R.S. section 13–604.02(B) specified that an enhanced sentence was sought because defendant was on parole in the home arrest program. At the time of his change of plea, defendant acknowledged that he was under home arrest when he departed from his residence and failed to return.

We believe the state's analysis oversimplifies the issue. "Home arrest" is a status created by statute, A.R.S. section 31–236, that embodies aspects of parole and imprisonment.[1] The defendant's placement on home arrest did not require prior admission to parole.[2] Reference to defendant's

as well as the responsibility for revocation of home arrest status. A.R.S. § 31–236(F).

2. A.R.S. section 31–236 then provided:
A. A prisoner is eligible for the home arrest program if he either:
1. Meets the following criteria:
(a) Was convicted of committing a class 4, 5 or 6 felony not involving the intentional infliction of serious physical injury or the use or exhibition of a deadly weapon or dangerous instrument;
(b) Was not convicted of a sexual offense;
(c) Has not previously been convicted of any felony.
2. Violated parole by the commission of a technical violation that was not chargeable or indictable as a criminal offense.

statements at the time of his change of plea and to the extended record, including the presentence report, does not support the state's conclusory assertion that defendant was on parole at the time of the offense.

██ The defendant was on "release" from "home arrest" at the time of his escape. In providing the factual basis for his plea, defendant stated: "I was released from.... I was still in prison but they was going to house me at my home instead. And they sent me out on a job search and I didn't come back." *Cf. State v. Caldera*, 141 Ariz. 634, 638, 688 P.2d 642, 646 (1984) ("Mandatory release" status from department of corrections included within term "any other release from confinement" under A.R.S. section 13–604.02). The defendant's admission at the change of plea proceeding was sufficient to establish a factual basis for the offense. *State v. Hurley*, 154 Ariz. 124, 132, 741 P.2d 257, 265 (1987), *cert. denied*, 484 U.S. 1028, 108 S.Ct. 756, 98 L.Ed.2d 768 (1988) (documentary evidence not required if defendant admits his release status).[3] We have previously held that a person can be convicted of escape for violating the conditions of supervision when placed on home arrest by unauthorized absences. *Cienfuegos v. Superior Court*, 172 Ariz. 461, 837 P.2d 1196 (App. 1992). The fact that defendant committed the crime of escape while "on release," rather than his status as an escapee, supported the enhanced sentence in this case.[4]

The determination that sentence enhancement was proper due to defendant's release status necessarily resolves defendant's second claim: that his plea was rendered involuntary because he was improperly advised that his plea agreement required a mandatory "flat" sentence. Since the court's warning was correct, defendant's decision to plead guilty was not unknowingly made.

██ Finally, defendant contends that his plea to two prior felony convictions was invalid because the court failed to advise him of his right to a trial by jury on the allegation of those convictions. This claim lacks merit. In *State v. Barnes*, 167 Ariz. 186, 805 P.2d 1007 (1991), the supreme court held that the trial court need not advise the defendant of "the mechanics" of a separate jury determination of the alleged prior conviction. The trial court properly advised defendant that he was entitled to a jury trial on the escape charge. This is all that *Barnes* requires.

### CONCLUSION

Pursuant to A.R.S. section 13–4035, we have reviewed the entire record on appeal for fundamental error and have found none. Defendant's conviction and sentence are affirmed.

TOCI, J., and SHELLEY, J., retired[5], concur.

---

3. Has been certified as eligible for parole pursuant to § 31–233, subsection I and has served one year of his sentence.
1988 Ariz.Sess.Laws 311, § 2, (Since then this statute has been modified by striking the word "either" in line A. A.R.S. § 31–236(A) Amended by Laws 1990, Ch. 131, § 2; Laws 1991, Ch. 229, § 9, eff. Jan. 1, 1992.)

3. The defendant's reply brief suggests that the defendant did *not* plead guilty to escape in the second degree, a class 5 felony with two prior felony convictions *while on parole;* the court's minute entries however reflect a plea of guilty and subsequent sentencing under A.R.S. section 13–604.02(B).

4. Defendant's conduct is expressly covered by the escape statute. A.R.S. § 13–2501(4) states in part that escape "means ... failure to return to custody or detention following a temporary leave granted for a specific purpose or for a limited period."

5. Retired Judge Melvyn T. Shelley was authorized to participate in this appeal by order of the Chief Justice of the Arizona Supreme Court pursuant to Arizona Const. Art. 6, section 20 and A.R.S. section 38–813.