**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Armando RODRIGUEZ–SAMANO,**
**Defendant—Appellant.**

No. 03–10708.

D.C. No. CR–N–03–136 HDM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 13, 2004.

Decided Sept. 16, 2004.

Sue P. Fahami, Robert Don Gifford, II, Assistant United States Attorney, United States Attorney's Office, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, Reno, NV, for Defendant–Appellant.

Before PREGERSON and KOZINSKI, Circuit Judges, and RHOADES,* District Judge.

## MEMORANDUM**

Defendant Armando Rodriguez–Samano appeals his sentence, contending that the district court erred in increasing his offense level by eight levels based on its conclusion that defendant's Arizona conviction for second degree escape constituted a crime of violence, and therefore an aggravated felony, for purposes of the guidelines.

The relevant guideline is U.S.S.G. § 2L1.2(b)(1)(C), not U.S.S.G. § 4B1.2. For purposes of § 2L1.2(b)(1)(C), an "aggravated felony" is defined in 8 U.S.C. § 1101(a)(43). *See* U.S.S.G. § 2L1.2, cmt.

n. 3(A). That definition includes a "crime of violence," in turn defined by 18 U.S.C. § 16(b) to include "any ... offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Under our categorical approach, we consider the statutory definition of the prior offense of which the defendant was convicted. We must consider whether the "full range of conduct encompassed by the [state] statute" constitutes a crime of violence and, therefore, an aggravated felony. *United States v. Rivera–Sanchez,* 247 F.3d 905, 909 (9th Cir.2001) (en banc). Second degree escape in Arizona may be committed in a number of different ways. *See* A.R.S. § 13–2503. For example, a person commits escape by knowingly leaving the person's house without permission while under house arrest. *See State v. Lane,* 173 Ariz. 217, 841 P.2d 212, 214 (1992). Leaving one's house while under house arrest or returning without permission is not conduct that "by its nature, involves a substantial risk that physical force" may be used in the course of committing the offense.

In limited circumstances, we may apply a modified categorical approach to go beyond the statutory elements, but the record in this case does not include " 'documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes.' " *Corona–Sanchez,* 291 F.3d at 1203 (quoting *Rivera–Sanchez,* 247 F.3d at 908 (en banc) (quoting *United States v. Casarez–Bravo,* 181 F.3d 1074, 1077 (9th Cir.1999))). Although the indictment suggests that defendant was charged with a

---

* Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

crime of violence, the indictment by itself is insufficient to establish that defendant pled guilty to a crime of violence. *See Corona–Sanchez*, 291 F.3d at 1211 ("[I]f a defendant enters a guilty plea, the sentencing court may consider the charging documents *in conjunction with* the plea agreement, the transcript of the plea proceeding, or the judgment to determine whether the defendant pled guilty to the elements of the generic crime.") (emphasis added). Moreover, although the state court criminal judgment indicates that defendant was charged with a felony rather than a misdemeanor, it gives no details regarding the facts surrounding defendant's escape attempt and, therefore, does not establish that defendant's conviction was actually of such a nature as to meet the definition of a crime of violence.

Accordingly, we VACATE and RE-MAND for resentencing. On remand, the district court may consider any other documents appropriate under our modified categorical approach. *See Corona–Sanchez*, 291 F.3d at 1211.