591 P.2d 973

STATE of Arizona, Appellee,

v.

Francisco Gomez ALVARADO, aka Joe
Reyes Vega, Appellant.

No. 4396.

Supreme Court of Arizona,
In Banc.

Feb. 2, 1979.

486

Robert K. Corbin, Atty. Gen., John A. LaSota, Jr., Former Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

Francisco Gomez Alvarado, in pro. per.

GORDON, Justice:

Appellant, Francisco Gomez Alvarado, hereinafter referred to as the defendant, appeals his conviction for possession of a stolen motor vehicle, with a prior conviction, in violation of A.R.S. § 13–672.01. Taking jurisdiction pursuant to 17A A.R.S., Supreme Court Rules, rule 47(e)5, we affirm the judgment of the Superior Court.

While on routine patrol, Officer Bevins stopped a car driven by defendant when it ran a stop sign. After the defendant was unable to produce either a license or registration, the officer made a radio check and discovered that the license plate did not match the vehicle and, in fact, was stolen. The defendant was then arrested for supplying a fictitious name (the radio check showed that the Motor Vehicle Driver's License Department had no record for Joe Vega, the name by which the defendant identified himself) and for possession of the stolen license plate. Subsequently, it was established that the vehicle was also stolen.

The defense asserts three errors: (1) that the court abused its discretion in holding a voluntariness hearing, because the state had not made a timely rule 16.1.b motion; (2) that the court abused its discretion in admitting into evidence an exhibit not specifically disclosed to defendant before trial; and (3) that the trial court erred in not advising the defendant of the specific constitutional rights that he waived by admitting to his prior felony conviction.

## VOLUNTARINESS HEARING

During the second day of trial, after the jury had been selected but before the substantive portion of the trial had begun, the defendant objected to the admission of any of his confessions [1] into evidence, because

1. The evidence that the defendant seeks to suppress includes statements made prior to his arrest concerning his purchase of the car from a man in Mesa, and that he did not have a

the prosecution had not requested a voluntariness hearing at least twenty days prior to trial. Pursuant to 17 A.R.S., Rules of Criminal Procedure, rule 16.1.b, all motions must be made no later than twenty days prior to the date set for trial. The prosecution responded to defendant's objection by requesting a voluntariness hearing. The request was granted and a hearing was held out of the presence of the jury. The statements were found voluntary and were subsequently admitted into evidence.

■ The United States Supreme Court in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), acknowledged that a defendant has a constitutional right to object to the use of his confessions and to have a fair hearing and a reliable determination on the issue of voluntariness. The Court concluded, however, that absent some objection by the defendant to the admission of his confession, the Constitution does not require a voluntariness hearing to be held. The defendant's contention that it was the prosecution's burden to request a voluntariness hearing is, therefore, without merit.

■ Defendant also alleges, however, that motions for a voluntariness hearing must be timely made, pursuant to 17 A.R.S., Rules of Criminal Procedure, rule 16.1.b. The issue still before us, then, is whether a defendant can be required to move for a voluntariness hearing at least twenty days before trial.

In *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the defendant was allowed at trial, without prior objections, to question the circumstances under which he had been interrogated. *Wainwright v. Sykes, supra,* refers to Jackson's in-court objection[2] as having been sufficient both to trigger his right to a voluntariness hearing and to preserve his

right to assert on habeas corpus that his confession was not properly determined to be voluntary. In *Wainwright v. Sykes, supra,* the United States Supreme Court upheld the Florida requirement that the defendant object to the use of his confession prior to trial unless the opportunity to do so did not exist, or the defendant was unaware of the grounds for the motion, or the court, in its discretion, chooses to entertain the motion at trial. Florida Rule Crim.Proc. 3.190(i)(2). Neither *Jackson, supra,* nor *Wainwright, supra,* considered whether a defendant can be required to make his objection twenty days prior to trial, as does the Arizona rule. 17 A.R.S., Rules of Criminal Procedure rule 16.1.b.

In light of *Jackson,* as interpreted by *Wainwright,* we conclude that although it is the defendant who must move for a voluntariness hearing, it is not mandated that he be allowed to so move at all stages of the proceedings.

> "Equally clear is the defendant's constitutional right at *some* stage in the proceedings to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness * * *." *Jackson v. Denno,* 378 U.S. 368, 376–377, 84 S.Ct. 1774, 1780–1781, 12 L.Ed.2d 908, 915 (Emphasis added.)

Because of the state of confusion in which we find the law on this issue, we now take the opportunity to outline the procedure for determining voluntariness in Arizona.

■ No later than ten days after the arraignment, the prosecution must disclose all of the defendant's statements. 17 A.R.S., Rules of Criminal Procedure, rule 15.1.a(2). The prosecution need not, at this time, disclose which of the defendant's

---

registration or license because his wallet had been stolen. These statements do not amount to a confession of guilt but, because of their false and incriminating nature, are confessions as defined in A.R.S. § 13–1599.C. (A.R.S. § 13–3988.C in the Criminal Code effective as of October 1, 1978, but not controlling in the present case.)

2. A reading of *Jackson v. Denno, supra,* reveals that the defendant never specifically objected that his confession was involuntary. *Wainwright v. Sykes, supra,* however, seemingly interprets the defendant's line of questioning in *Jackson* as having been the functional equivalent of an objection.

statements will be used, nor, for that matter, whether any of the statements will be introduced at trial.

A prehearing conference must be held no later than 25 days after the arraignment, at which time as many issues as possible must be settled. 17 A.R.S., Rules of Criminal Procedure, rule 16.4. We hold that at this conference the prosecution must disclose which, if any, of the defendant's statements will be used at trial in its case in chief. Pursuant to rule 16.4.c, the use of any confession not disclosed at this time will be precluded at trial unless the court, upon a showing of good cause, allows the confession to be introduced into evidence and also gives the defendant an adequate opportunity to object and request a voluntariness hearing.

A notification of all issues that remain in dispute must be filed no later than three days after the prehearing conference. 17 A.R.S., Rules of Criminal Procedure, rule 16.4.a. The defendant should, at this time, file his motion for a voluntariness hearing. In the interest of judicial economy, however, his motion should be filed at least twenty days before trial, pursuant to the time limits of 17 A.R.S., Rules of Criminal Procedure, rule 16.1.b. If, however, the basis for the motion is not known, and by the exercise of reasonable diligence could not then have been known, and the defendant raises it promptly upon learning of it, it .vill not be precluded. 17 A.R.S. Rules of Criminal Procedure rule 16.1.c.

Although 17 A.R.S., Rules of Criminal Procedure, rule 16.1.b. requires that, in most cases, the motion for a voluntariness hearing must be filed twenty days before trial, the hearing itself may be held at any time, prior to the laying of a foundation for the confession, *State v. Gonzales,* 105 Ariz. 63, 459 P.2d 496 (1969), so long as it is out of the presence of the jury. *Jackson v. Denno, supra;* A.R.S. § 13–1599.A.

The Arizona Rules of Criminal Procedure became effective in 1973. Nevertheless, case law in Arizona subsequent to that date has suggested that defendants may move for a voluntariness hearing at the time of trial. *See State v. Sutton,* 115 Ariz. 417, 565 P.2d 1278 (1977); *State v. Finn,* 111 Ariz. 271, 528 P.2d 615 (1974). Because of this Arizona case law, statements in this opinion notwithstanding, we hold that the trial judge, in his discretion, may also entertain a motion for a voluntariness hearing at trial.

Because the prosecution was under no burden to move for a voluntariness hearing, we find no error in the instant case. A voluntariness hearing was held out of the presence of the jury before the foundation for defendant's confession was introduced at trial. Once the defendant has moved for a voluntariness hearing, it is the state's burden to prove that the defendant's statements were freely and voluntarily made. *State v. Knapp,* 114 Ariz. 531, 562 P.2d 704 (1977); *State v. Edwards,* 111 Ariz. 357, 529 P.2d 1174 (1974). Absent a showing of clear and manifest error, a trial court's determination of voluntariness will not be upset on review. *State v. Arnett,* 119 Ariz. 38, 579 P.2d 542 (1978); *State v. Calvery,* 117 Ariz. 154, 571 P.2d 300 (1977).

We conclude that voluntariness was adequately established by the state. Since defendant's confessions were also not obtained in violation of his *Miranda* rights, *see Campbell v. Superior Court,* 106 Ariz. 542, 479 P.2d 685 (1971), and were not the fruit of an unlawful arrest, they were properly admitted into evidence.

## DISCOVERY VIOLATION

Defendant's second contention is that the trial court abused its discretion by admitting into evidence state's exhibit no. 1, because it had not been disclosed to the defendant prior to trial. Exhibit no. 1 was a certified public record from the Motor Vehicle Department indicating that Gary Enger was the owner of the stolen vehicle.

It is undisputed that the prosecution has the burden of disclosing all tangible objects that will be used at trial, 17 A.R.S., Rules of Criminal Procedure, rule

15.1.a(4), and that sanctions will be imposed for failing to do so. 17 A.R.S., Rules of Criminal Procedure, rule 15.7. The choice of the appropriate sanction for a violation of discovery rules, however, is committed to the trial court's discretion. *State v. Fenton,* 21 Ariz.App. 193, 517 P.2d 1086 (1974). Absent a showing of prejudice to the accused, the Supreme Court will not find an abuse of discretion. *State v. Clark,* 112 Ariz. 493, 543 P.2d 1122 (1975).

██ We find no abuse of discretion in the instant case. At the time the prosecution moved to have the document admitted into evidence, the defense attorney stated that he did not dispute that this was Enger's car and only objected that he could not read part of the registration, because it was poorly copied. Only later did he object to admitting the document for the reason that it was not disclosed. The evidence was that the defendant had known for three months that Enger was the owner of the car. The vehicle registration was not a vital aspect of either the state's case or the defense because there was no controversy over ownership. Moreover, Mr. Enger testified at trial that he was the owner of the car. We, therefore, do not find any prejudice that would mandate excluding the document from evidence.

The court admitted only the legible portions of the document into evidence and gave the defense attorney the opportunity throughout the entire trial to examine the title, postponing its admission until the end of trial. Because of the lack of prejudice, and the lack of any evidence that the failure to disclose was in bad faith, *State v. Birdsall,* 23 Ariz.App. 454, 533 P.2d 1191 (1975), the sanctions imposed were sufficient.

### ADMISSION TO PRIOR CONDUCT

██ In addition to the allegations made by his attorney, defendant, in his own supplemental brief, contends that his admission to a prior burglary conviction was improperly accepted by the court.

Pursuant to 17 A.R.S., Rules of Criminal Procedure, rule 17.6, unless the defendant admits to his prior conviction while testifying on the stand, the trial court must follow the procedures of rule 17 before accepting the defendant's admission. The trial judge must, therefore, advise the defendant of the nature of the charge to which he is admitting, the range of possible sentence that could be imposed as a result of his admission, the constitutional rights that he foregoes by admitting to the prior conviction, and his right to deny the prior charge. 17 A.R.S., Rules of Criminal Procedure, rule 17.2. He must also ascertain that the admission is voluntarily and intelligently made, and that there is a factual basis for the admission. 17 A.R.S., Rules of Criminal Procedure, rule 17.3.

The appropriate procedure for determining that the defendant understands the nature of the charge against him varies from case to case depending on the circumstances. *State v. Duran,* 109 Ariz. 566, 514 P.2d 487 (1973). If the defendant is merely admitting that he had been convicted of a crime, it has already been proven, beyond a reasonable doubt, that he was guilty of all of the elements of the crime. Therefore, if he knows which crime is being alleged, he necessarily understands the nature of the crime. The judge determined that the defendant wished to admit to his August 29, 1975, burglary conviction. We find that this was sufficient to determine that the defendant understood the nature of the conviction to which he was admitting.

The judge ascertained that the defendant had not been promised anything in return for this admission, nor had he been forced into making the admission. The judge advised the defendant of the maximum punishment that he could face as a result of his admission and that he had a right to a jury trial on the prior conviction. He also informed the defendant that by admitting to the prior conviction he waived all his constitutional rights, those rights that had been afforded him in the present trial. The prior judgment was admitted into evidence to establish a factual basis for the admission.

The trial court erred in not advising the defendant of the specific constitutional rights that he waived by admitting to his prior felony conviction. All of the other requirements of rule 17 were, however, met.

A similar situation occurred in *State v. Nieto,* 118 Ariz. 603, 578 P.2d 1032 (App. 1978). There, too, a full compliance with rule 17.2 and 17.6 was clearly lacking. The court looked to the entire record to determine if, during the course of the trial, the defendant had become aware of his constitutional rights. Because the court concluded that the defendant was aware of the constitutional rights that he waived by admitting to his prior conviction, the trial court's error was, found not to be reversible.

Looking to the record in the instant case, we conclude that the following dialogue demonstrates that the defendant was aware of his constitutional rights:

"THE COURT: And that you have all of the constitutional rights in that event that you had in this trial. Those have been explained to you, your constitutional rights. A right to a trial by a jury, to present, and so forth.

"MR. ALVARADO: Yes, Your Honor.

"THE COURT: That's all been explained to you. And you wish to give those rights up in order to enter your admission of the prior conviction?

"MR. ALVARADO: Yes, Your Honor."

The trial court's error is, therefore, not reversible.

The judgment and sentence of the Superior Court are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concurring.