130 P.3d 547

**STATE of Arizona, Appellee,**

v.

**Jeffrey Arthur GASTELUM, Appellant.**

**No. 1 CA–CR 04–0661.**

Court of Appeals of Arizona, Division 1, Department B.

March 23, 2006.

---

Terry Goddard, Attorney General by Randall M. Howe, Chief Counsel Department of Law And Eric J. Olsson, Assistant Attorney General, Tucson, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender by Susan L. Corey, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

LANKFORD, Judge.

¶1 Defendant Jeffrey Arthur Gastelum appeals from his convictions and sentences for unlawful flight from a law enforcement vehicle, a class five felony, possession of precursor chemicals, a class five felony, and possession of dangerous drugs for sale, a class two felony. The issue is: Did the superior court properly enhance Defendant's sentence based on two prior felony convictions? For the reasons that follow, we affirm Defendant's convictions, vacate his sentences and remand for resentencing.

¶2 We review the facts in the light most favorable to upholding the verdict, resolving all reasonable inferences against the defendant. *State v. Greene*, 192 Ariz. 431, 436, ¶12, 967 P.2d 106, 111 (1998). A police officer observed Defendant placing two or three bags in the back of a vehicle. Defendant entered the driver's side of the vehicle and drove away with another man in the passenger's seat. The officer noticed that the vehicle's registration had expired. He then activated the emergency lights of his police vehicle.

¶3 Defendant initially slowed, but then continued. The police officer activated the

sirens. Defendant accelerated rapidly. To avoid a high-speed chase in a residential area, the police officer turned off the siren and emergency lights and followed the vehicle from a distance.

¶ 4 Shortly thereafter, the police officer discovered that the car had left the road and had collided with a parked vehicle in the driveway of a residence. Both Defendant and the passenger exited the car and attempted to flee. The officer arrested Defendant and searched him. In Defendant's pockets, the officer discovered four blister packs, each filled with 24 pills of pseudoephedrine, 30 milligrams.[1]

¶ 5 Defendant's vehicle contained three bags, two of which the officer had seen Defendant place inside the vehicle. In one of the bags, the officer found a shaving cream container with a false bottom holding 17.3 grams of a substance containing methamphetamine. The same bag also contained several blister packs of pseudoephedrine, an electronic scale, glass pipes, tubing, and other drug paraphernalia. In another bag, the officer located a semiautomatic pistol.

¶ 6 The State charged Defendant with unlawful flight from a law enforcement vehicle, possession of precursor chemicals, possession of dangerous drugs for sale, and misconduct involving weapons. The jury found Defendant guilty of unlawful flight from a law enforcement vehicle, possession of precursor chemicals, and possession of dangerous drugs

for sale, and not guilty of misconduct involving weapons.

¶ 7 Defendant and the State orally stipulated that Defendant had two prior felony convictions: a 2001 conviction for attempt to commit theft of a means of transportation and a 1991 conviction for trafficking in stolen property. The court did not personally address the Defendant, and did not advise him of the potential effect of admitting the two prior convictions, the right to deny or admit them, or the right to a trial on the prior convictions.[2]

¶ 8 At the sentencing hearing, the court referred to the stipulation. In doing so, the court mentioned the 2001 conviction, but omitted the 1991 conviction. Instead, the court referred to a 2003 conviction for possession of marijuana. Defense counsel concurred with the court's mistaken account of the stipulation. The court sentenced Defendant to the presumptive terms with two historical felony convictions for unlawful flight from a law enforcement vehicle, possession of precursor chemicals, and possession of dangerous drugs for sale, all terms to run concurrently.

■■■ ¶ 9 Defendant timely appealed. We have jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (2003), 13–4031 (2001), and 13–4033(A) (2001).[3] We review de novo the

---

**1.** Pseudoephedrine is a common ingredient in over-the-counter cold medications, used as a decongestant. It can be a chemical precursor in the manufacture of methamphetamine.

**2.** The minute entry and the trial transcript conflict on this point. The minute entry states that the superior court advised Defendant as to the potential effect of admitting two prior felony convictions, his right to deny or admit, and his right to trial on the prior convictions. The transcript of the same proceeding, however, contains no reference to this advice.

To clarify this discrepancy, we remanded to the superior court for correction or modification of the record pursuant to Arizona Rule of Criminal Procedure 31.8(h). The superior court determined that the transcript was correct: The court had not addressed the Defendant and had not rendered any of the advice referenced in the minute entry.

**3.** The superior court's minute entry on remand suggested that this Court lacks jurisdiction to review on direct appeal the procedures the superior court used to establish Defendant's prior convictions. In support of this position, the superior court quoted Arizona Rule of Criminal Procedures 17.1(e), which provides that "[b]y pleading guilty ..., a defendant waives the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32." The superior court contended that the adoption of Rule 17 procedures for admissions of prior convictions triggers this provision of Rule 17.1(e).

Rule 17.1(e) does not apply. Defendant did not plead guilty. Rule 17.6 does not adopt this provision by reference. Rule 17.6 merely refers to the procedures set forth in the other subparagraphs of Rule 17 on how to properly obtain an admission of a prior felony conviction. Admissions of prior convictions are reviewable on di-

superior court's acceptance of a defendant's admission of a prior conviction. *Anderson,* 199 Ariz. at 194, ¶ 35, 16 P.3d at 221.

¶ 10 The court mistakenly relied in sentencing on a conviction neither proved nor part of the stipulation. The parties had stipulated to a 1991 conviction for trafficking in stolen property and a 2001 conviction for attempt to commit theft of a means of transportation. When the court recited the stipulation at sentencing, it mentioned the 2001 conviction, but omitted the 1991 conviction. Instead, the court referred to a 2003 conviction for possession of marijuana not part of the parties' stipulation.[4]

¶ 11 The court's error prejudiced Defendant. A finding of two or more prior felony convictions was required for the enhanced sentences imposed. *See* A.R.S. § 13–604(C), (D) (Supp.2005). One of the two prior convictions the court used for enhancement was unproved.[5] Our supreme court held in *State v. Henderson* that imposing a super-aggravated sentence that requires a finding of two aggravating factors without properly finding both of them constituted prejudicial fundamental error. 210 Ariz. 561, 570, ¶ 34, 115 P.3d 601, 610 (2005). The same is true for an enhanced sentence that requires two prior convictions. If both are not found, the sentence must be reversed. Therefore, Defendant's sentences must be vacated.

¶ 12 The court committed additional procedural errors in sentencing. Rule 17 of the Arizona Rules of Criminal Procedure establishes requirements for admitting a pri-

or conviction. "Whenever a prior conviction is charged, an admission thereto by the defendant shall be accepted only under the procedures of [Rule 17], unless admitted by the defendant while testifying on the stand." Ariz. R.Crim. P. 17.6. An admission of a prior conviction requires that the court "advise the defendant of the nature of the allegation, the effect of admitting the allegation on the defendant's sentence, and the defendant's right to proceed to trial and require the State to prove the allegation." *Anderson,* 199 Ariz. at 194, ¶ 36, 16 P.3d at 221. *See* Ariz. R.Crim. P. 17.2. It also requires that the court determine whether the defendant wants to forego his constitutional rights and whether the admission is voluntary. *See State v. Alvarado,* 121 Ariz. 485, 489, 591 P.2d 973, 977 (1979); Ariz. R.Crim. P. 17.3.

¶ 13 The State does not challenge the applicability of Rule 17.6 to this case. Any argument to the contrary has been waived. However, the superior court's minute entry on remand clarifies that it acted on the assumption that Rule 17 procedures did not apply because Defendant's enhanced sentence rested on a stipulation by the parties, rather than on an admission by Defendant. The court cites no authority for the proposition that a stipulation is not subject to Rule 17. To prevent recurring error, we address the issue notwithstanding the waiver.

¶ 14 A defendant may not stipulate to a prior conviction without the protections of Rule 17.6. The rule provides: "Whenever a

---

rect appeal. *See, e.g., State v. Anderson,* 199 Ariz. 187, 194, ¶ 34, 16 P.3d 214, 221 (App.2000) (reviewing validity of admission after effective date of Rule 17.1(e) waiver provision). In fact, we have previously held that an admission of prior convictions, unlike a guilty plea, does not bar appellate review of a sentence. *State v. Medrano–Barraza,* 190 Ariz. 472, 474, 949 P.2d 561, 563 (App.1997).

4. The court gleaned the 2003 conviction from the presentence report. However, the report was not in evidence and was not relied upon by the court as evidence of the convictions. Moreover, a presentence report is not sufficient to establish prior convictions for sentence enhancement. *See State v. Richards,* 166 Ariz. 576, 579, 804 P.2d 109, 112 (App.1990) (presentence report insufficient to prove prior convictions for enhancement). *See also State v. Hurley,* 154 Ariz. 124,

132, 741 P.2d 257, 265 (1987); *State v. Hauss,* 140 Ariz. 230, 231, 681 P.2d 382, 383 (1984) (discussing proof required to establish prior convictions).

5. Because the court's error resulted in sentence enhancement, it constitutes fundamental error. *See State v. Thues,* 203 Ariz. 339, 340, ¶ 4, 54 P.3d 368, 369 (App.2002). We review for fundamental error even when defense counsel assented to the challenged actions of the court. *State v. Stuart,* 168 Ariz. 83, 87, 811 P.2d 335, 339 (App. 1990) (reviewing for fundamental error when judge, with defense counsel's consent, instructed jury foreman to modify verdict). It is therefore immaterial that defense counsel agreed with, rather than objected to, the court's inaccurate account of the stipulation.

**276**

prior conviction is charged, an admission thereto by the defendant shall be accepted only under the procedures of this rule...." Ariz. R.Crim. P. 17.6. Defendant's prior convictions were charged by the State, as they must be charged to invoke enhanced sentencing for repeat offenders. *See* A.R.S. § 13–604(P) (a prior felony conviction to be used to enhance sentence as a repetitive offender must be "charged in the indictment or information and admitted or found by the court"); *State v. Rodgers*, 134 Ariz. 296, 305–06, 655 P.2d 1348, 1357–58 (App.1982) (State must allege before trial prior convictions for sentencing enhancement). *See also, e.g., Alvarado*, 121 Ariz. at 489, 591 P.2d at 977 ("[U]nless the defendant admits to his prior conviction while testifying on the stand, the trial court must follow the procedures of rule 17 before accepting the defendant's admission.").[6]

■ ¶ 15 A stipulation to the existence of prior convictions is the equivalent of an admission that they exist. An admission is "[a] voluntary acknowledgement made by a party of the existence of the truth of certain facts which are inconsistent with his claims in an action." Black's Law Dictionary 47 (6th ed.1990). A stipulation is "[a]n agreement, *admission* or confession made in a judicial proceeding by the parties thereto or their attorneys." *Id.* at 1415 (emphasis added). *Accord Rutledge v. Ariz. Bd. of Regents*, 147 Ariz. 534, 549, 711 P.2d 1207, 1222 (App.1985) ("A stipulation is an agreement, *admission* or concession made in a judicial proceeding by the parties or their attorneys, in respect

to some matter incident to the proceedings, ordinarily for the purpose of avoiding delay, trouble and expense.") (emphasis added). *See also Wolf Corp. v. Louis*, 11 Ariz.App. 352, 355, 464 P.2d 672, 675 (1970) ("A stipulation is a judicial admission constituting an abandonment of any contention to the contrary....").

■ ¶ 16 The most meaningful difference between the two is that an admission is made by a party, while a stipulation can be made by the parties or their attorneys.[7] We can conceive of no reason why a defendant's rights should be lessened by the fact that the concession is made by his counsel rather than by defendant himself. A stipulation has the same effect as an admission: It waives the right to a trial, which is the concern that led to the requirement of a determination of the voluntariness of an admission of prior convictions. *See generally Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (a guilty plea waives constitutional trial rights and therefore it must be shown affirmatively that the plea was intelligent and voluntary).

¶ 17 Rule 17 must be obeyed whenever a prior conviction is used for sentence enhancement and its existence rests on a non-testimonial concession by defendant or his counsel. If the procedures under the rule could be avoided merely by having defendants "stipulate" to the prior conviction rather than "admit" it, Rule 17.6 would be eviscerated by permitting all admissions to be made as "stipulations."[8]

---

6. Testimony by a defendant at trial admitting prior felony convictions is not an "admission" for purposes of Rule 17. Instead, it is evidence of the existence of the convictions that can suffice as proof. *See State v. Heath*, 198 Ariz. 83, 84, ¶ 4, 7 P.3d 92, 93 (2000) (although trial testimony admitting prior convictions dispenses with the need for proof of their existence, it does not constitute proof that a foreign conviction constitutes a felony in Arizona).

7. The superior court's minute entry on remand states that the two differ because a court is not bound by a stipulation. Although it is true that a *stipulation* does not bind a court, a court is also not bound by an admission. *Rutledge*, 147 Ariz. at 555, 711 P.2d at 1228.

8. A defendant can stipulate to prior convictions in other circumstances not involving charged

priors. For example, a defendant may stipulate to a prior conviction for impeachment purposes or sentencing aggravation. Sentencing aggravators, unlike sentencing enhancements, need not be charged in the indictment. *State v. Carreon*, 210 Ariz. 54, 61, ¶ 25, 107 P.3d 900, 907 (2005); *McKaney v. Foreman*, 209 Ariz. 268, 273, ¶ 23, 100 P.3d 18, 23 (2004). Accordingly, a defendant may stipulate to prior convictions as aggravating circumstances without following Rule 17.6. *See State v. West*, 176 Ariz. 432, 447, 862 P.2d 192, 207 (1993), *overruled on other grounds by State v. Rodriguez*, 192 Ariz. 58, 64 n. 7, 961 P.2d 1006, 1012 n. 7 (1998) (allowing defendant to stipulate to prior conviction as sentencing aggravator); Ariz. R.Crim. P. 17.6 (safeguards apply "[w]henever a prior conviction is charged"). In contrast, a defendant can admit a prior conviction charged as a sentencing en-

¶ 18 The court failed to comply with Rule 17. Defense counsel stated that Defendant stipulated to the prior convictions and the court accepted this stipulation. The court had no interaction with Defendant. Defendant was not informed of the trial rights he would waive by admitting the prior convictions or of the specific consequences on his sentence of admitting a prior felony. *See Medrano–Barraza,* 190 Ariz. at 474, 949 P.2d at 563 (failure by court to inform defendant of his rights before acceptance of admission to prior convictions may render admission defective under Rule 17); *Anderson,* 199 Ariz. at 194, ¶ 36, 16 P.3d at 221 ("[B]efore accepting a defendant's admission to a prior conviction, a trial court must advise the defendant of the nature of the allegation, the effect of admitting the allegation on the defendant's sentence, and the defendant's right to proceed to trial and require the State to prove the allegation.").

¶ 19 The court's failure to comply with Rule 17 resulted in additional prejudice to Defendant. It means that neither of the two prior convictions used for sentence enhancement were properly established, constituting prejudicial fundamental error. *See Henderson,* 210 Ariz. at 570, ¶ 34, 115 P.3d at 610. The dissent simply asserts that Defendant had not merely two, but four prior convictions. Defendant may well have multiple priors, but that has not yet been established and must be proved on resentencing.

¶ 20 Not a single prior conviction was proved. The stipulation of two convictions was invalid, as discussed above. Although Defendant's presentence report indicates that he might have additional felony convictions, the court relied upon only one in enhancing Defendant's sentence. Moreover, the presentence report was not in evidence. In the absence of evidence, subject to the usual rules of admissibility and the usual methods of contesting it, we cannot simply declare that Defendant has any prior convictions.

¶ 21 The State argues that any error was technical because Defendant had "sufficient experience with the criminal justice system to have been fully aware of what he was doing when he stipulated to the prior convictions...." Accordingly, the State contends that we need not remand for an evidentiary hearing.

¶ 22 Because we vacate the sentence on other grounds, the court will resentence Defendant. The prior convictions can be proved or, after the court advises Defendant as required by Rule 17, the Defendant can admit them.[9]

¶ 23 Accordingly, we affirm the convictions, vacate the sentences, and remand for resentencing.

LAWRENCE F. WINTHROP, P.J., concur.

---

hancement only upon compliance with Rule 17. *Alvarado,* 121 Ariz. at 489, 591 P.2d at 977; *Anderson,* 199 Ariz. at 194, ¶ 36, 16 P.3d at 221.

9. We cannot uphold the stipulation on the basis that Defendant was aware of the rights that the superior court should have advised. First, Defendant did not personally admit the prior convictions; his lawyer stipulated to them.

Second, Defendant's experience with the criminal justice system might have made him aware of the consequences of his admission, but we cannot know without an evidentiary hearing. An evidentiary hearing on remand is necessary unless it is clear that the defendant was aware of his rights. *See State v. Nieto,* 118 Ariz. 603, 608, 578 P.2d 1032, 1037 (App.1978).

In *Nieto,* the superior court advised the defendant as to nearly all of his rights, omitting only the privilege against self-incrimination. *Id.* We held that it was "inconceivable" that the defendant could have been ignorant of his right against self-incrimination. *Id.* No such advice

was given here. In *Nieto,* we nevertheless remanded to determine whether the defendant understood the effect his prior conviction would have on his sentence. *Id.* at 609, 578 P.2d at 1038. The superior court had failed to inform the defendant of the sentencing range with a prior conviction. *Id.*

The record is not clear that Defendant knew all that the court should have advised him. It is conceivable that Defendant was unaware of his rights or did not intend to forego them.

This is also not a case in which it is clear that Defendant was aware of his rights by virtue of having been advised of them prior to pleading guilty. *See State v. Barnes,* 167 Ariz. 186, 189 805 P.2d 1007, 1010 (1991). Nor is it a case in which the court informed Defendant that he was entitled in the sentencing phase to all of the rights he had been afforded in the trial of his guilt. *See Alvarado,* 121 Ariz. at 489, 591 P.2d at 977.

THOMPSON, Judge, dissenting.

¶ 24 Defendant never objected to any irregularities in the sentencing procedures in this case. Indeed, Defendant and his lawyer agreed with the manner in which sentencing was conducted, including the determination of the prior felony convictions. He must show on appeal that he was prejudiced by the errors posited by the majority. *State v. Henderson*, 210 Ariz. 561, 567–68, ¶¶ 20, 22, 26, 115 P.3d 601, 607–08 (2005). Not only has Defendant not carried his burden of showing prejudice, he does not even contend that he was prejudiced in receiving the presumptive, concurrent sentences imposed in this case. Indeed, on this record, he could not do so, as he clearly was not prejudiced.

¶ 25 Defendant has four prior felony convictions. Neither in the trial court, nor on appeal, has Defendant ever challenged this plain fact. During sentencing, with Defendant present,[10] defense counsel acknowledged that the two priors that were being used to enhance the sentences here were not Defendant's only felony convictions, noting that his client had "*at least* two prior felony convictions." Despite his lengthy criminal history, Defendant received presumptive, concurrent sentences which the state did not seek to aggravate. Defendant does not assert, and cannot demonstrate that, but for error in the adjudication of the priors used to enhance his sentence, the trial judge could reasonably have refused to find the priors.[11]

¶ 26 Because the record fully supports the trial court's finding that Defendant had two prior felony convictions, the sentences imposed were fair and lawful, and Defendant was not prejudiced by any fundamental error in the trial court, I would affirm.

---

**10.** *See State v. Reid*, 155 Ariz. 399, 402, 747 P.2d 560, 563 (1987) (affirming murder conviction by eleven-person-jury although the defendant never personally waived a full jury but was present when defense counsel did so).

**11.** Further, a defendant may not "inject error into the record and then profit on appeal." *State v. Diaz*, 168 Ariz. 363, 366, 813 P.2d 728, 731 (1991).