NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LAMONT RAY THOMAS, SR., *Appellant.*

No. 1 CA-CR 14-0706
FILED 7-7-2015

Appeal from the Superior Court in Maricopa County
No.  CR2014-102589-001
The Honorable Dean M. Fink, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Donn Kessler joined.

**T H U M M A**, Judge:

**¶1**		This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for defendant Lamont Ray Thomas, Sr., has advised the court that, after searching the entire record, he has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Thomas was given the opportunity to file a supplemental brief pro se, and has not done so. This court has reviewed the record and has found no reversible error. Accordingly, Thomas' convictions and resulting sentences are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**		In January 2014, Thomas was charged by Information with possession or use of dangerous drugs, a Class 4 felony (Count 1), and possession of drug paraphernalia, a Class 6 felony (Count 2). The State made various pre-trial filings, including alleging Thomas had historical non-dangerous felony convictions.

**¶3**		At trial, the evidence showed that a Tempe police officer, who was patrolling near Mill Avenue around one o'clock in the morning, stopped Thomas after seeing him cross the street while the light was red. The officer verified Thomas' name, date of birth and social security number. After a record check revealed a warrant for Thomas' arrest, the officer searched Thomas and found a black cloth bag that contained a "crystallized clear rock" and a glass pipe commonly used to smoke methamphetamine. Thomas admitted to buying the "glass" and pipe for $20 earlier that evening so that he could smoke it later that night.

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588–89, 951 P.2d 454, 463–64 (1997) (citation omitted).

¶4        The officer testified that, based on his training and experience, the crystallized clear rock appeared to be methamphetamine. The officer further testified that "glass" is a common term for methamphetamine. Thomas successfully moved in limine to preclude the officer from testifying about the warrant and any outstanding charges, meaning the jury did not receive evidence about the warrant or the reason for the search. A criminalist from the Arizona Department of Public Safety Crime Lab weighed and analyzed the crystallized clear rock and testified it contained of 0.14 grams of methamphetamine.

¶5        The jury found Thomas guilty as charged. During sentencing, Thomas admitted that he had a historical felony conviction for theft. The superior court sentenced Thomas to a slightly mitigated prison terms of 3.75 years for Count 1 and 1.5 years for Count 2, to run concurrently.[2] Thomas was given 245 days of presentence incarceration credit.

¶6        This court has jurisdiction over Thomas' timely appeal pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and -4033(A)(1) (2015).[3]

**DISCUSSION**

¶7        This court has reviewed and considered counsel's brief and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30, 2 P.3d 89, 96 (App. 1999). Searching the record and briefs reveals no reversible error. The record shows that Thomas was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. The evidence admitted at trial constitutes substantial evidence supporting Thomas' convictions. From the record, all proceedings

---

[2] Although the sentencing minute entry lists the convictions as non-repetitive offenses, at sentencing, the superior court stated it was sentencing Thomas for repetitive offenses. When a discrepancy exists between the oral pronouncement and the minute entry, the "[o]ral pronouncement in open court controls over the minute entry." *State v. Whitney*, 159 Ariz. 476, 487, 768 P.2d 638, 649 (1989) (citation omitted). Accordingly, this court relies upon the oral pronouncement that Counts 1 and 2 are repetitive offenses and modifies the minute entry to reflect that Thomas was sentenced as a category two repetitive offender.

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

were conducted in compliance with the Arizona Rules of Criminal Procedure. The sentences imposed were within the statutory limits and permissible ranges. The court's review of the record reveals two issues that merit brief discussion.

**¶8**        First, the police officer testified that Thomas admitted that the "glass" was his and that he planned to smoke it later. A defendant has the right to challenge the admissibility of a confession, including whether the confession was voluntary. *See Wainwright v. Sykes*, 433 U.S. 72 (1977); *State v. Alvarado*, 121 Ariz. 485, 487, 591 P.2d 973, 975 (1979). Here, the State disclosed Thomas' statement pursuant to Ariz. R. Crim. P. 15.1(b)(2). Thomas filed no motion requesting a voluntariness hearing and did not object to the admissibility of his statements. Accordingly, the record reveals no error in admitting the officer's testify about Thomas' statements. *See Alvarado*, 121 Ariz. at 488, 591 P.2d at 976.

**¶9**        Second, Thomas was given 245 days of presentence incarceration credit. However, he was arrested in the evening on January 16, 2014 and held in custody until his sentencing on September 19, 2014. Therefore, Thomas is entitled to 246 days of presentence incarceration credit, reflecting the time from his arrest to his sentencing, and the judgment is modified accordingly. *See* A.R.S. § 13-712(B).

**CONCLUSION**

**¶10**       This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *State v. Leon*, 104 Ariz. 297, 300, 451 P.2d 878, 881 (1969); *State v. Clark*, 196 Ariz. 530, 537 ¶ 30, 2 P.3d 89, 96 (App. 1999). Accordingly, Thomas' convictions and resulting sentences are affirmed as modified to reflect that he was sentenced as a category two repetitive offender and crediting him with 246 days of presentence incarceration credit.

**¶11**       Upon filing of this decision, defense counsel is directed to inform Thomas of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Thomas shall have thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama