NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

AARON DONTEL KING, *Appellant.*

No. 1 CA-CR 16-0225
FILED 5-11-2017

Appeal from the Superior Court in Maricopa County
No. CR2013-002466-001
The Honorable Alfred M. Fenzel, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Richard D. Gierloff, Attorney at Law, Mesa
By Richard D. Gierloff
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Margaret H. Downie joined.

B E E N E, Judge:

¶1  This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) following Aaron Dontel King's convictions. King's counsel searched the record on appeal and found no arguable question of law that is not frivolous. *State v. Clark*, 196 Ariz. 530 (App. 1999). King was given the opportunity to file a supplemental brief *in propria persona* but did not do so. Counsel now asks this Court to search the record for fundamental error. After reviewing the entire record, we affirm King's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY[1]

¶2  In 2012, King held a victim at gunpoint while two accomplices restrained and robbed the victim. Police pursued King and his two accomplices to a condominium complex. King and one of his accomplices broke into a condominium, where they demanded assistance from another victim while holding him at gunpoint. King's accomplice held the condo–victim at gunpoint and attempted to take money out of a purse. King was arrested by police as he attempted to flee.

¶3  After several attempts to reach a plea bargain, King went to trial in 2014. The jury convicted King on all seven counts–one count of armed robbery, two counts of kidnapping, two counts of aggravated assault, one count of burglary in the first degree, and one count of attempted armed robbery. The jury also found that all the offenses were dangerous felonies, and found the presence of several aggravating factors.

¶4  The superior court imposed prison sentences of 7.5 years on counts 2 and 7, 10.5 years on counts 1, 3, 4, and 6, and 12.5 years on count

---

[1]  We view the facts in the light most favorable to upholding the jury's verdicts and resolve all inferences against King. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

5.  The superior court ordered all sentences to run concurrently and gave King credit for 726 days of presentence incarceration.

**¶5**　　　　King untimely appealed in 2015, but this Court reconsidered counsel's Motion to Withdraw as a timely notice of appeal, and determined King timely appealed.  We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (2017), 13–4031 (2017) and 13–4033(A)(1) (2017).[2]

## DISCUSSION

**¶6**　　　　The record reflects no fundamental error in pretrial proceedings.  King rejected the State's plea offer after a *Donald* advisement, and his case proceeded to trial.  *State v. Donald*, 198 Ariz. 406 (App. 2000).  Although King's trial was not held until over one year after arraignment, the superior court properly determined that extraordinary circumstances required continuance of the trial date, and such delay was indispensable to the interests of justice.  *See* Ariz. R. Crim. P. 8.5(b).

**¶7**　　　　Defense requested a voluntariness hearing, but later agreed to a settlement conference in lieu of the voluntariness hearing.  *See State v. Alvarado*, 121 Ariz. 485, 487 (1979) ("[I]t is the defendant who must move for a voluntariness hearing[.]").  Pursuant to Arizona Rules of Criminal Procedure 11, Defendant was examined by mental health professionals to determine his competency to stand trial.  After reviewing the mental health reports, the superior court determined that King was competent to stand trial.

**¶8**　　　　The record also reflects King received a fair trial.  He was represented by counsel at all stages of the proceedings against him and was present at all critical stages.  The State presented direct and circumstantial evidence sufficient for a reasonable jury to convict King.  Although the gun used in the robbery was not loaded, an unloaded gun is still a dangerous weapon for an armed robbery offense.  *See* A.R.S. § 13–105(19) (2017); *State v. Cordova*, 198 Ariz. 242, 243, ¶ 5 (App. 1999).  The jury convicted King of attempted armed robbery of the condo–victim, but did not find that he did so as consideration for the receipt of anything of pecuniary value when determining the presence of aggravating circumstances.  The elements of attempted armed robbery and the aggravating circumstance of receipt of

---

[2]　　　Absent material revisions after the date of an alleged offense, we cite a statute's current version.

pecuniary value are separate and distinct. *See State v. Greenway*, 170 Ariz. 155, 164 (1991); *State v. Anderson*, 210 Ariz. 327, 341–42, ¶¶ 49–50 (2005).

¶9 The jury was properly comprised of twelve members with three alternates. The superior court properly instructed the jury on the elements of the charges. The key instructions concerning burden of proof, presumption of innocence, reasonable doubt, and the necessity of a unanimous verdict were also properly administered. The jury returned a unanimous verdict, and unanimously found the presence of several aggravating circumstances. The superior court received a presentence report, accounted for mitigating factors, and properly sentenced King to the presumptive sentence.

## CONCLUSION

¶10 We reviewed the entire record for reversible error and find none; therefore, we affirm the convictions and resulting sentences.

¶11 After the filing of this decision, defense counsel's obligation pertaining to King's representation in this appeal will end. Defense counsel need do no more than inform King of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the Court's own motion, King has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Further, King has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA