IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JASON LUKE SNEE, *Appellant.*

No. 1 CA-CR 16-0731
FILED 4-5-2018

Appeal from the Superior Court in Maricopa County
No.  CR 2012-124514-001
The Honorable Erin Otis, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

## OPINION

Judge Patricia A. Orozco[1] delivered the opinion of the Court, in which Presiding Judge Michael J. Brown and Judge Maria Elena Cruz joined.

---

**O R O Z C O**, Judge:

**¶1**      Jason Luke Snee appeals his convictions and resulting sentences.  He argues he should be granted a new trial because the court admitted into evidence his confession to law enforcement officials without first determining whether the confession was voluntary.  For the following reasons, we affirm.

## FACTS

**¶2**      The State charged Snee with nine felonies and two misdemeanors.  A jury returned not-guilty verdicts on two counts and guilty verdicts on four counts, but could not reach a decision on the five remaining counts.  Snee was subsequently sentenced to prison.  We have jurisdiction over this timely appeal pursuant to Arizona Revised Statutes (A.R.S.) section 12-120.21(A).

## DISCUSSION

**¶3**      Before trial, Snee filed a motion to suppress his confession, but later withdrew it.  Nevertheless, on appeal he argues that "A.R.S. § 13-3988(A) required the court to sua sponte conduct a voluntariness hearing" because the evidence indicated that the confession was induced by an impermissible promise.[2]

**¶4**      We review de novo issues of statutory interpretation and constitutional law.  *State v. Wein*, 242 Ariz. 372, 374, ¶ 7 (App. 2017).  "When

---

[1]      The Honorable Patricia A. Orozco, retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]      Snee did not "invite" the error by withdrawing his motion, as the State argues, and we therefore decline to apply the invited-error doctrine, which "prevents a party from *injecting* the error into the record and then profiting from it on appeal." *State v. Rushing*, 243 Ariz. 212, 217, ¶ 14 (2017) (emphasis added).

interpreting a statute, we look to the plain language of the statute as the best indicator of the drafter's intent." *State v. Pledger*, 236 Ariz. 469, 471, ¶ 8 (App. 2015).

¶5 Snee asserts that A.R.S. § 13-3988(A) requires trial courts to conduct voluntariness hearings "whenever the State offers a defendant's confession as evidence, *even if one is not requested by the defense*." (Emphasis added.) We disagree.

¶6 Section 13-3988(A) states that "[b]efore [a] confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness." An "issue," however, is defined as "a point, matter, or question to be disputed or decided." Webster's New Universal Unabridged Dictionary 975 (2d ed. 1983); *see also* American Heritage Dictionary 931 (5th ed. 2011) (defining an "issue" as "[a] point or matter of discussion, debate, or dispute"). Therefore, the statute only requires courts to determine whether a confession was involuntary when voluntariness is disputed by the defense, and not, as Snee contends, in every case in which the State seeks to introduce a confession.

¶7 Our interpretation is consistent with Arizona Rule of Criminal Procedure 16.1, which governs pretrial motions and requires parties "to make all motions no later than 20 days before trial . . . ." *See also State v. Ferguson*, 119 Ariz. 200, 201 (1978) ("Inasmuch as appellant had not made a motion to suppress prior to the trial, and did not object to the questions at trial, she waived her right to a voluntariness hearing." (citing Rule 16.1(c))). We do not suggest that courts are prohibited from, sua sponte, conducting voluntariness hearings. *Cf. Fitzgerald v. Myers*, 243 Ariz. 84, 92-93, ¶ 27 (2017) ("[N]either the statute nor the rule . . . establishes a requirement for, or right to, a convicted defendant's competency in capital PCR proceedings. In the sound exercise of its inherent authority and discretion, however, a trial court may order a competency evaluation when helpful or necessary . . . ."); *State v. Alvarado*, 121 Ariz. 485, 488 (1979) (recognizing that although parties must move for a voluntariness hearing twenty days before trial, "the trial judge, in his discretion, may also entertain a motion for a voluntariness hearing at trial"). We simply conclude that courts are not statutorily required to do so.

¶8 Snee also argues the evidence here presented a question of voluntariness that, under *State v. Finn*, required the court to sua sponte conduct a voluntariness hearing. 111 Ariz. 271 (1974). In *Finn*, the Arizona Supreme Court held that trial courts are not required to sua sponte "determine possible involuntariness where the question of voluntariness is

not raised either by the evidence or the defense counsel." *Id.* at 275; *see also State v. Armstrong*, 103 Ariz. 280, 281 (1968) (same); *State v. Goodyear*, 100 Ariz. 244, 248 (1966) ("It is the duty of a trial court to hold a hearing as to voluntariness of a statement or confession, if a question as to its voluntariness is raised—either by the attorneys, *or one is presented by the evidence*.") (emphasis added); *State v. Simoneau*, 98 Ariz. 2, 6-7 (1965) (explaining that although a defendant has a "constitutional right to refrain from incriminating himself under the Fifth Amendment to the Constitution," "where no question is presented to the court either by counsel *or by the evidence* at the trial suggesting that a confession is involuntary, there is no issue of fact to be determined by the court in the absence of the jury and no need for a specific ruling") (emphasis added).

**¶9**        *Finn* and its predecessors, however, which were decided on constitutional grounds, do not control our decision here because they did not address A.R.S. § 13-3988(A).  *See Wainwright v. Sykes*, 433 U.S. 72, 86 (1977) ("[T]he Constitution does not require a voluntariness hearing absent some contemporaneous challenge to the use of the confession.") *Wainwright* was, in fact, explicitly acknowledged years later by our state supreme court in *Alvarado*.  121 Ariz. at 487 ("The [*Wainwright*] Court concluded . . . that *absent some objection by the defendant* to the admission of his confession, the Constitution does not require a voluntariness hearing to be held.") (emphasis added).

**¶10**        Therefore, we conclude that neither A.R.S. § 13-3988(A) nor the Constitution required the trial court to conduct a voluntariness hearing absent some objection by defendant.  Even if such a requirement existed, and the court conducted a hearing, Snee cannot show that the court would have suppressed the evidence because the officers did not make any impermissible promises to Snee, as he suggests.

**¶11**        "To be admissible a statement must be made voluntarily and not obtained by coercion or improper inducement."  *State v. Rushing*, 243 Ariz. 212, 226, ¶ 60 (2017).  "Promises of benefits or leniency, whether direct or implied, even if only slight in value, are impermissibly coercive."  *State v. Lopez*, 174 Ariz. 131, 138 (1992).  "Before a statement will be considered involuntary because of a 'promise,' evidence must be established that (1) a promise was in fact made, and (2) the suspect relied on that promise in making the statement."  *Id.*

**¶12**        Snee was read his *Miranda* rights, but argues the following exchange amounted to an impermissible promise that rendered his confession involuntary:

> Detective: The easier we get through this, the faster we get done, the faster we are out of here. Okay?
>
> . . . .
>
> Detective: Try your hardest to stay with me here for a second, okay? All right, I just need to find my facts and that's it, and then we can get out of here. All right?

**¶13** The detective's observation that the quicker the interview progressed, the sooner it would end, did not, without a promise of leniency or more, constitute an impermissible promise. Therefore, the trial court did not err by failing to conduct a voluntariness hearing or by failing to suppress the confession.

## CONCLUSION

**¶14** For the reasons previously stated, we affirm Snee's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA