NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

JUSTIN WAYNE THOMPSON,
*Appellant*.

No. 1 CA-CR 21-0409
FILED 7-28-2022

Appeal from the Superior Court in Mohave County
No. S8015CR202001408
The Honorable Richard D. Lambert, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Law Office of Elizabeth M. Hale, Lakeside
By Elizabeth M. Hale
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Randall M. Howe joined.

---

**M O R S E**, Judge:

**¶1**        Justin Wayne Thompson appeals his conviction and sentence for criminal trespass in the first degree, a class 6 felony.  After searching the entire record, Thompson's defense counsel identified no non-frivolous arguable questions of law.    Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Thompson was given an opportunity to file a supplemental brief *in propria persona* but has not done so.   Finding no reversible error, we affirm Thompson's conviction and sentence.

### FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**        On December 14, 2020, a Mohave County Sheriff's Office deputy saw Thompson crawling out of the window of a home in the Dolan Springs area of Mohave County.  The deputy spoke with Thompson, who denied burglarizing the home.   Thompson claimed he was looking for someplace to sleep and heard that his nephew had burglarized the home. After arresting Thompson, the deputy saw that the window was broken and that shattered glass was inside the home.  The homeowner stated that the house was a vacation home and he did not know Thompson or give him permission to be in the home.

**¶3**        Thompson was indicted on December 23, 2020, for one count of criminal trespass in the first degree, a class 6 felony, under A.R.S. § 13-1504.

**¶4**        On July 23, 2021, Thompson's counsel filed a motion to suppress Thompson's statements.  The superior court heard argument and determined that the motion was untimely.  In denying the motion, the

---

[1]      "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996).

superior court relied on Ariz. R. Crim. P. 16.1(b) and noted that the challenged statements had been disclosed to defense for "quite a long time . . . ."

¶5        The superior court conducted a jury trial on August 3, 2021, during which the deputy and homeowner testified.  The State also introduced video and audio recordings taken from the deputy's body camera and a transcript of Thompson's statements.  The video recording showed the defendant crawling out of the home.  The superior court denied Thompson's motion under Ariz. R. Crim. P. 20 and the jury convicted Thompson as charged.

¶6        After a hearing on August 31, 2021, the superior court found that the State had proved Thompson's prior felony convictions and that Thompson was a category three repetitive offender.  On September 3, 2021, the superior court sentenced Thompson to a slightly aggravated term of 4 years in the Department of Corrections.  Thompson timely appealed and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7        Our review of the record reveals no fundamental error.  *See Leon*, 104 Ariz. at 300.  The superior court complied with the Arizona Rules of Criminal Procedure and the record reveals that Thompson was represented by counsel and present (or his presence was properly waived) at all stages of the proceedings.  Ariz. R. Crim. P. 19.2.  The superior court had discretion to deny Thompson's suppression motion as untimely.  *See* Ariz. R. Crim. P. 16.1; *State v. Alvarado*, 121 Ariz. 485, 487-88 (1979) (affirming 20-day pretrial deadline to file voluntariness motions and noting that "[i]n light of [Supreme Court precedent], we conclude that although it is the defendant who must move for a voluntariness hearing, it is not mandated that he be allowed to so move at all stages of the proceedings"); *see also State v. Bush*, 244 Ariz. 575, 590, ¶ 61 (2018) (disavowing statements in other cases "inconsistent" with *Alvarado*).

¶8        At trial, the State presented sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Thompson is guilty of the charged offense.  *See State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011).  The jury was comprised of eight members.  *See* A.R.S. § 21-102(B). The superior court properly instructed the jury on the presumption of innocence, the burden of proof, and the elements of the charged offense. The court received a presentence report.  Ariz. R. Crim. P. 26.4.  At

sentencing, Thompson was given an opportunity to speak, and the court stated on the record the evidence and factors it considered in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. The superior court imposed sentences within the statutory limits. *See* A.R.S. §§ 13-701, -703.

## CONCLUSION

**¶9** For the foregoing reasons, we affirm Thompson's conviction and sentence. Upon receiving this decision, defense counsel shall inform Thompson of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Thompson shall have thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

